IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

WESTERN DISTRICT—PITTSBURGH, 1886.

## Hancock's Appeal.

1. A leasehold in Allegheny county is not the subject of a mechanic's lien for alteration or repairs.

2. The Act of June 16th, 1836, P. L., 696, providing for mechanics' liens does not authorize a lien for alterations or repairs. The Act of May 1st, 1861, P. L., 550, providing for a lien for alterations and repairs extended to Allegheny county by the Act of February 16th, 1865, P. L., 150, is not amendatory or explanatory of the said Act of 1836. The Act of April 1st, 1873, P. L., 473, extending the said Act of 1836 and its supplements to leaseholds in Allegheny county applies only to the erection and construction of a building and not to alterations or repairs.

November 11th, 1886. Before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. MERCUR, C. J., absent.

APPEAL from the Court of Common Pleas, No. 2, of *Allegheny county:* Of October Term, 1886, No. 256.

Appeal of John Hancock from a decree of said court confirming the Report of the Auditor.

The following are the material facts of the case as they appeared before the Auditor, R. B. Petty, Esq.

H. S. Hancock, the execution defendant, having leased a certain two-story brick building situate in the Third ward of the city of Pittsburgh, known as Number 4, Master's alley (otherwise styled Market alley), in which it was designed by the lessee to carry on the retail liquor business, entered into a contract with one, John T. Natcher, by which stated work was

VOL. 5—1

to be done and materials furnished in the making of additions to, and alteration and repairs in and about the building.

The defendant having failed to meet the payment of the balance due the contractor, a mechanics' lien was filed by him at No. 26, June Term, 1886, in the Court of Common Pleas, No. 1, of Allegheny county, for the sum of $1,327.54 against the interest of said Hancock as such lessee.

Executions were subsequently issued by a number of creditors, John Hancock *inter alia*, and upon a sale of the leasehold by the sheriff the sum of $3,000 was realized. Of that amount $1,500 were paid upon prior executions and the balance was ordered into court for distribution. The Auditor distributed to Natcher the amount of his lien and the remainder to W. H. Holmes, one of the execution creditors, on account of his judgment. John Hancock filed exceptions to the Report of the Auditor. The court overruled his exceptions and confirmed the report, whereupon he took this writ, and assigned said action of the court for error.

*C. C. Montooth* (*E. A. Montooth* with him), for appellant.

*John S. Ferguson*, for appellee.

Mr. Justice PAXSON delivered the opinion of the court January 3d, 1887.

This was a contest between a mechanics' lien creditor, and the execution creditors of H. S. Hancock. The said Hancock was the lessee of certain premises in the city of Pittsburgh. Whilst in the possession of the demised premises, which consisted of a two-story brick building used as a saloon, he made certain alterations and repairs thereto. This lien was filed against all the interest of Hancock, as lessee, for the sum of $1,327.50, being for the balance due the contractor for said repairs. The single question presented by this record is whether said lien for repairs is valid and binding upon the interest of the lessee. If it is, it must be by virtue of an Act of Assembly giving such lien by its express terms or by necessary implication. We cannot give such liens by judicial construction.

It was contended, in the first place, that the lien may be sustained under the Act of April 1st, 1873, P. L., 473, which is as follows: " That all the provisions of the several Acts of Assembly, and the suplements thereto, giving a lien to parties doing work or furnishing materials for or about the erection or construction of buildings in the county of Allegheny, are hereby extended to leaseholds in said county: Provided, that the lien hereby given shall only extend to the interest of the lessee or tenant in such leasehold."

It will be noticed that this Act extends to leaseholds, the provisions of the several Acts of Assembly giving a lien for work done or materials furnished for or about the "Erection and construction of buildings." It was repeatedly held that under the Act of 1836 a lien would not lie for repairs and alterations, unless as was subsequently held in Dresbach v. Keller, 2 Penn. St. R., 77, and in Armstrong v. Ware, 20 Id., 519, "the structure of a building is so completely changed that, in common parlance, it may be properly called a new building, or a re-building." It was contended however that the Act of 1836 must be so extended as to include repairs and alterations, by reason of the Act of May 1st, 1861, P. L., 550, the important part of which is as follows:  "The said Act, entitled 'An Act relating to liens of mechanics and others upon buildings, approved the 16th day of June, 1836, together with the several suplements thereto,' shall hereafter be taken to apply to debts contracted for work done or materials furnished for or about the repair, alteration of or addition to any houses or other buildings so that liens may hereafter be had for the payment of all debts contracted for work done or materials furnished for or about the repair, alteration or addition of any house or other building under the aforesaid Act," etc.   This Act originally did not apply to Allegheny county, but was extended to that county by the Act of 16th of February, 1865, P. L., 150, in the following language:  "The supplement to the Act of 16th of June, 1836, relating to the liens of mechanics and others upon buildings, approved the 1st day of May, 1861, be, and the same is hereby extended to the county of Allegheny; provided that nothing in the Act shall render property liable for repairs, alterations or additions where the same has been altered by any lessee or tenant without the written consent of the owner or owners, or reputed owner or owners, or his or her authorized agents."

It was contended that the Act of 1861 was explanatory of the Act of 1836, and that thereafter the "erection and construction" shall be held to include "alterations or repairs," and that inasmuch as the Act of 1873 uses the words "erection or construction," we must assume it was intended to include "alterations or repairs." We are of opinion, however, that the Act of 1861 was amendatory, not explanatory; that it was intended to give a lien where none existed before, that is to say to cases where there was a "repair, alteration or addition to any houses or other buildings." It did not destroy the distinction between "erection and construction" and "alterations or repairs." This clearly appears from the cases of Rynd v. Bakewell, 87 Penn. St. R., 460, and Wetmore's Appeal, 91 Id., 276, where it was ruled that a mechanic's claim for the

erection and construction of a building could not be sustained by proof of repairs.

We are of opinion that the Act of 1873, extending the Act of 1836 and its supplements to leaseholds in Allegheny county, applies only to the erection and construction of a building. and not to its repair or alteration.

The argument that such lien was given by the Act of 1865, extending the Act of 1861 to Allegheny county is not sound. It is true the proviso. of said Act declares, as we have seen, that property shall not be liable for repairs or alterations made by the lessee " without the written consent of the owner or owners, or reputed owner or owners, or his or her authorized agents," and it was contended that this gave a lien upon the leasehold by necessary implication. We do not so regard it. The object of the proviso was not to give a lien upon the leasehold, but to prevent the estate of the owner being bound unless by his or her consent in writing.

If there is any Act of Assembly which gives a mechanic's lien upon this leasehold it has not been. pointed out to us.

> The decree is reversed at the cost of the appellee, and distribution ordered in accordance with this opinion.