Dual Positions — State Agency Officers Title 73 O.S. 83.1 [73-83.1] (1968), which proposes that the Secretary Member of the Oklahoma Tax Commission becomes the Executive Secretary of the Capitol Improvement 
Zoning Commission at an additional salary and 62 O.S. 139.44 [62-139.44] (1968), which proposes that the Vice-Chairman of the Oklahoma Tax Commission becomes the Executive Secretary of the State Emergency Fund Board at an additional salary would be constitutional if enacted into law. The Attorney General is in receipt of your letter of February 22, 1968, wherein you question the constitutionality of Senate Bill No. 646 and Senate Bill No. 647, which are presently assigned to your Committee. Senate Bill No. 646 proposes to amend 73 O.S. 83.1 [73-83.1] (1961), by making the Secretary-Member of the Oklahoma Tax Commission the Executive SecretarY of the Capitol Improvement and Zoning Commission, in addition to his other duties. Senate Bill No. 647 proposes to amend 62 O.S. 139.44 [62-139.44] (1967), by making the Vice-Chairman of the Oklahoma Tax Commission the Executive Secretary of the State Emergency Fund Board, in addition to his other duties. Both Senate Bill No. 646 and Senate Bill No. 647 provide additional salary to the named members of the Oklahoma Tax Commission for the additional duties imposed upon such officers. You ask: Would Senate Bill No. 646 and Senate Bill No. 647 be constitutional if enacted by the Legislature? Article VI, Section 34 Oklahoma Constitution provides: "Each of the officers in this article named shall, at stated times, during his continuance in office, receive for his services a compensation, which shall not be increased or diminished during the term for which he shall have been elected; nor shall he receive to his use, any fees, costs, or perquisites of office or other compensation." ArticleXXIII, Section 10, Oklahoma Constitution provides in part: "Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, . . ." The Supreme Court of Oklahoma had under consideration the above constitutional provisions in the case of Phelps v. Childers, 184 Okl. 421, 89 P.2d 782, where in the first paragraph of the syllabus the court announced the following rule: "A statute imposing or providing for new duties or services to be performed by a public official, which new duties or services are incident to or germane to his office, and where such act provides, additional compensation therefor, violates Article XXIII, Section 10
of the Oklahoma Constitution, prohibiting the Legislature from changing the salary or emoluments of a public official during his term of office, but where the new duties or services so provided in the act are foreign to or beyond the scope or range of and not germane to the duties of the office, such statute does not violate such section." See also Bond et al., v. Phelps, 200 Okl. 71,191 P.2d 983, and Aubrey, Superior Court Judge v. Huser, Court Clerk, 201 Okl. 60, 201 P.2d 249, for other cases from this jurisdiction where our court sustained acts of the legislature providing additional salary for non-germane duties. For cases following the same rule from other jurisdictions see Coleman, Auditor v. Hurst,226 Ky. 501, 115 S.W.2d 133; Kilroy v. Whitmore, 115 Pa. 1, App. 43, 300 P. 851; Livingston v. Ayer, 23 Wn.2d 578,161 P.2d 429; State ex rel., v. Vasahy, 98 Minn. 46,107 N.W. 818. We note, by reference to the applicable statutory provisions, the additional duties assigned the Secretary-Member and the Vice-Chairman of the Oklahoma Tax Commission in Senate Bill No. 646 and Senate Bill No. 647 as Executive Secretary of the Capitol Improvement and Zoning Commission and State Emergency Fund Board, respectively, are foreign to and beyond the scope or range of the duties of the Oklahoma Tax Commission and thus appear to come within the non-germane rule set out in the cases cited above. Therefore, it is the opinion of the Attorney General that Senate Bill No. 646 and Senate Bill No. 647 will be valid and constitutional, if enacted by the Legislature and approved by the Governor. (W. J. Monroe) (Dual Office Holding ?, Dual Compensation)