## SAMUEL MORRISON v. HUGH HENDERSON.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF PHILADELPHIA COUNTY.

Argued March 27, 1889—Decided May 6, 1889.
[To be reported.]

Where a claim filed for a mechanics' lien shows on its face that it is for work and labor done, etc., in the erection and construction of a building, but the details of what was done under the contract, made a part of the claim, show that the work and materials were supplied for an alteration and addition to an old building, the two kinds of claims arising under different acts of assembly and being purely statutory in their creation, the claim is contradictory in averment, and will be stricken off on motion.

Before PAXSON, C. J., STERRETT, CLARK, McCOLLUM and MITCHELL, JJ.

No. 178 July Term 1888, Sup. Ct.; court below, No. 42 March Term 1888, M. L. D.

On March 24, 1888, Samuel Morrison filed for a mechanics' lien against the property of Hugh Henderson, the following claim:

" Samuel Morrison, of the city of Philadelphia, hereby files this his claim for the payment of the sum of one hundred and eighty-three dollars, against all that certain two-story brick building with the two-story back building or addition thereto attached, and lot or piece of ground and curtilage appurtenant thereto, situate on the southwestwardly side of Letterly street, . . . . . The said sum of one hundred and eighty-three dollars, being a balance of a debt contracted for work and labor done and materials furnished in and about the erection and construction of a two-story back building, at the request of the said Hugh Henderson by the said Samuel Morrison, continuously within six months last past, furnished to and supplied for and towards the erection and construction of, and on the credit of the said building, according to the terms of the contract hereto annexed, and made part hereof, to wit : from the twentieth day of October, A. D. 1887, to the thirty-first day of December, A. D. 1887, which contract said claimant prays may be taken and considered as part of this lien against said building. . . . .                                    [Signed.]

### COPY OF CONTRACT.

" The following is a copy of the contract under which the said work was done :

· I, Samuel Morrison, agrees to put up a back building, two-story high; first floor is to be brought out 10 feet, with one window. Same height and width as it is now. Put in a new Excelsior range, new sink and dresser, and water-pipes removed to wherever required. Painting to match. Top room to be carried out 10 feet, with 6 feet of a hanging window at end. Bath-tub removed over R., etc., and enclosed in with lath and plaster; doors painted to match other, leaving all complete. Yard water to be removed 10 feet further down, putting in a new hydrant. Bricking same as it is. Putting up shed at end of building, boarding floor and roofing same,

putting all pipes, spouts, required to complete same properly, for the sum of $378, which I agree to pay.

[Signed]          ' H. HENDERSON.'

" The claimant allows the following credits on account of above contract: [Items aggregating $195.]

" Plaintiff avers that all of said work contracted for has been done, except the putting in of said range and said plumbing work, both of which defendant agreed to assume in consideration of the allowance of above credits."

A scire facias having issued, the defendant on May 10, 1888, obtained a rule to strike off the claim, " on the ground that the work, being the erection of an addition to an already existing building, the lien could only be sustained under the act of 1868 [August 1, 1868, P. L. 1168]; that the act of 1868 was repealed or 'amended' by the act of May 18, 1887 [P. L. 118]; that the last named act required the giving of notice of intention to file a lien, and that no such notice being averred, the lien was defective."

On June 10, 1888, the court, BIDDLE, J., made the rule absolute, without delivering an opinion. Thereupon the claimant took this writ.

*Mr. George W. Norris*, for the plaintiff in error:

Citing: Driesbach v. Keller, 2 Pa. 77; Nelson v. Campbell, 28 Pa. 156; Lightfoot v. Krug, 35 Pa. 348; Pretz' App., 35 Pa. 349; Harman v. Cummings, 43 Pa. 322; Hershey v. Shenk, 58 Pa. 382; Parrish's App., 83 Pa. 111; Brown v. Commissioners, 21 Pa. 37; Dyer v. Covington Tp., 28 Pa. 186; Eygpt Street, 2 Gr. 455; Erie v. Bootz, 72 Pa. 196; Sifred v. Commonwealth, 104 Pa. 179; Malloy v. Reinhard, 115 Pa. 25; Evans v. Phillipi, 117 Pa. 226; Nusser v. Commonwealth, 25 Pa. 126; Keller v. Commonwealth, 71 Pa. 413, counsel submitted that the order striking off the lien could not be sustained unless this court held (1) that the lien was not sustainable under the act of June 16, 1836, P. L. 696; (2) that the act of August 1, 1868, P. L. 1168, was absolutely repealed by the act of May 18, 1887, P. L. 118: Because (1) if the lien is sustainable under the act of 1836, it is unaffected by any subsequent legislation; (2) if the act of 1887 is supplementary to the prior

Opinion of the Court.

legislation, the claimant here, not asking its benefits, is not subjected to the conditions imposed upon those so doing; and (3) if the act of 1887 amends, alters or modifies the act of 1868, or any other act, except that of 1861, it is unconstitutional.

*Mr. James M. Beck* (with him *Mr. F. Pierce Buckley*), for the defendant in error:

Citing: Yohe's App., 55 Pa. 121; Landis's App., 10 Pa. 379; Miller v. Oliver, 8 W. 514; Miller v. Hershey, 59 Pa. 67; Long v. McLanahan, 103 Pa. 537; Wetmore's App. 91 Pa. 276; Rynd v. Bakewell, 87 Pa. 461; Best v. Baumgardner, 122 Pa. 17; Nusser v. Commonwealth, 25 Pa. 126; Keller v. Commonwealth, 71 Pa. 413, counsel submitted that the court below rightly struck this lien from the record: (1) Because the said claim was a claim for repairs and alterations; (2) Because the act of 1868, which permits such a lien, is necessarily amended and supplemented by the act of May 18, 1887, which provides as a prerequisite to such a lien that a certain notice shall be given; (3) Because the plaintiff's claim failed to aver the giving of such notice.

OPINION, MR. JUSTICE MITCHELL:

The contract upon which this claim is based was evidently drawn by the parties themselves. It starts out as the contract of plaintiff: "I, Samuel Morrison agrees to put up a back building," etc., and after specifying what plaintiff is to do, and the price, closes with the words, "which I agree to pay," and is then signed by the defendant, and not by the plaintiff at all. There may of course be a counterpart, signed by the plaintiff, though we have no evidence of it, but I refer to the contract only to illustrate the unscientific nature of the paper, and because the same confusion of thought has unfortunately pervaded the claim filed.

The claim does not refer to the act under which it is filed, and an examination of it shows an entire failure to follow consistently the requirements either of the statutes relating to original erections and constructions, or those as to additions, alterations, and repairs. There is a hopeless confusion of the two. On its face it is "for work and labor done, and materials furnished, in and about the erection and construction of a two-

story back building" and therefore purports to be for a new structure under the acts of 1836 and 1845. But in this view it is bad because it is filed against "all that certain two-story brick building, with the two-story back building, or addition, thereto attached," thus treating the•old and the new building as one, and contradicting the averment that the work done was upon a new and independent structure.

On the other hand, the details of what was done, as they appear in the contract, which is attached to the claim, show quite clearly that the work was really an alteration and addition to an old building. Regarded in this light as properly belonging under the statutes for alteration and repair, the claim would encounter other difficulties perhaps equally serious.

But it is unnecessary to discuss these, because it is sufficient for the present case, that the claim is not filed for alteration and repair, but for erection and construction. The two kinds of claims arise under different acts of assembly, and being purely statutory in their creation, each would be required to conform to the provisions of its own law, even if the difference between them was merely technical. But the difference is substantial in several respects, both as to the requirements of the claim and its consequences, and it is therefore important that it should be maintained.

As this claim was not good under either class it was properly struck off.

Judgment affirmed.