## GUSTAVUS GROEZINGER v. JOSEPH OSTHEIM.

APPEALS BY STONER AND STORMFELTZ FROM THE COURT OF COMMON PLEAS OF LANCASTER COUNTY.

Argued May 21, 1890—Decided June 2, 1890.
[To be reported.]

1. A mechanics' lien for work and materials furnished in the erection of a structure which is a new addition to an old building, is within the provisions of the act of May 18, 1887, P. L. 118, and can be sustained only when the essential requirements of that act have been observed.

2. As to such structures, that act, upon its subject, supersedes all previous acts, whether general or local, and prescribes the conditions upon which mechanics' liens for additions to existing buildings may be acquired and enforced: Best v. Baumgardner, 122 Pa. 17; and see Thomas v. Hinkle, 126 Pa. 478.

3. Under said act, notice to the owner or reputed owner at the time the work is done or materials furnished, of an intention to file a lien therefor, is a necessary prerequisite to the lien, and this even when the work or materials are furnished directly upon the owner's order.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and McCOLLUM JJ.

Nos. 60, 61 July Term 1890, Sup. Ct.; court below, No. 51 August Term 1889, E. D. C. P.

On June 22, 1889, the sheriff of Lancaster county sold a certain house and lot in Lancaster city, as the property of Joseph Ostheim upon a judgment of Gustavus Groezinger. The fund arising from the sale having been paid into court, *Mr. D. McMullen*, on November 9, 1889, was appointed auditor to make distribution thereof.

Before the auditor, J. P. Stormfeltz & Son, M. W. Wenger, and Stoner, Shreiner & Co., claimed payment, out of the

fund, of certain sums due them from the defendant for work done and materials furnished in and about the erection of a certain structure upon the lot sold by the sheriff, and certain alterations in an old building thereon, for which sums mechanics' liens had been filed by them against the property. The nature of the erection, as proved before the auditor, is exhibited by the following extract from the testimony of J. P. Stormfeltz :

" Mr. Ostheim owned a two-story brick building fronting on North Prince street, twenty-four feet front by twenty-eight feet deep, the main building ; and the back building was fourteen feet wide and thirty-two feet deep, also two-story brick. This old back building contained a dining-room and kitchen on the first floor, and two rooms on the second floor ; and in what I have described Mr. Ostheim was living. This house faced east on Prince street, and extended back west. What I put up was an addition on the west end. I used the old west wall for the whole height, and made three new walls : a south wall twelve feet long, a north wall twelve feet long, and a new west wall fourteen feet long ; and in this addition I put two floors and a tin roof over it. Then I cut doors leading from the old building into this new addition. The lower room was intended as an additional kitchen ; the upper room was a bath-room, with a wardrobe and water-closet in it ; and the whole of it was used in connection with the old house, and had no use or service except in connection with the old building."

It was shown, also, that the new structure was visible to the public from Water, Walnut and Prince streets, and that Ostheim personally contracted with the mechanics' lien claimants, and supervised and directed the work of erection.

The facts, so far as relating to these claims, were found by the auditor to be as follows :

Joseph Ostheim, the defendant in the execution, on the day it was issued was the owner of two pieces of real estate situated in the city of Lancaster. One of them was situated on the corner of Prince, Walnut and Water streets, containing 64 feet front on Prince street, the same on Water street, and extending from Prince to Water street, along the south side of Walnut street, a distance of 148 feet, to which he acquired title on March 31, 1884.

Auditor's Report.

The mechanics' liens of Stormfeltz & Son, Stoner, Shreiner & Co., and M. H. Wenger, were filed for labor and materials done and furnished for and about the erection of an addition to the back building of a two-story brick dwelling-house on the Prince street front of the lot on the corner of Prince, Walnut and Water streets. This additional back building was commenced in the beginning of May, 1888, and if the mechanics' liens are valid, they will have priority over all judgments after that of Henry Weber. . . . . If the mechanics' liens be found not valid, then the entire fund of $2,185.40, less costs of audit, will go to Groezinger on account of his judgment.

The mechanics' liens of Stormfeltz & Son, Stoner, Shreiner & Co., and M. H. Wenger, were all filed within six months of furnishing the materials and doing the work, and the testimony shows that all the items charged in the bills of particulars filed with the liens were furnished. A small part of the items in Stormfeltz & Co. and Stoner, Shreiner & Co.'s claims went to alterations in the original building, but the greater part, as well as the lime furnished by Wenger, went into the new addition to the old building. But neither of the claimants in these mechanics' liens gave notice to Ostheim, the owner of the property, or to his agent, at the time of furnishing the materials or performing the work in and about said addition and alterations, of their intention to file liens therefor. In the case of Stormfeltz & Son and M. H. Wenger's liens, there is no claim or allegation that such notice was given. In the case of Stoner, Shreiner & Co., there is some testimony on this point, but in the opinion of the auditor it fails to establish such notice as the act of May 18, 1887, requires. . . . . The liens, in every other respect, are regular and filed in accordance with all the requirements of the various acts of assembly relating to mechanics' liens.

—The auditor reported his opinion upon the facts so found by him, as follows :

The only question to be decided under the foregoing findings of fact is whether the claims of Stormfeltz & Son, Stoner, Shreiner & Co., and M. H. Wenger are governed by the act of May 18, 1887, P. L. 118, requiring notice to be given of the intention to lien, at the time of furnishing the materials or providing the work, in order to entitle claimants to the protection of

Auditor's Report.

a lien, or whether they come under the original mechanics' lien act of 1836.

The building erected by Mr. Ostheim was beyond question an addition. . . . .

It was held under the act of 1836 that where there was in fact a new erection it was not necessary that it should be distinct from and independent of older buildings, to entitle the mechanic or material-man to a lien: Nelson v. Campbell, 28 Pa. 156; and, under that ruling, additions to existing buildings, similar in character to that erected by Ostheim, were held to support mechanics' liens, under the act of 1836, in Lightfoot v. Krug, 35 Pa. 348; Pretz's App., 35 Pa. 349; Harman v. Cummings, 43 Pa. 322, and numerous other cases.

By the act of May 1, 1861, P. L. 550, the scope of the act of 1836 was extended, so as to give a lien for the payment of debts contracted for work done or materials furnished for or about the repair, alteration of, or addition to any house or other building, in Chester, Delaware and Berks counties. The conditions under which the lien might be had remained the same as in the original act for the erection and construction of buildings, with the exception that the supplement was not to apply to such debts where they were of less amount than twenty dollars. The operation of this supplement was extended to Lancaster county by act of March 22, 1865, P. L. 580.

By the act of May 18, 1887, P. L. 118, the act of 1861 was extended to all the counties of the commonwealth, and the proviso was added that to entitle any one to the benefits of the act he shall give notice to the owner or reputed owner of the property, or his or her agent, at the time of furnishing the materials or performing the work, of his intention to file a lien under the provisions of the act; and in Best v. Baumgardner, 122 Pa. 17, which was a case of an addition to a building very similar to the case in hand, the Supreme Court decided that the act of 1887 superseded and repealed the acts of 1861 and 1865, and that inasmuch as no notice of an intention to file a lien was given, the claim could not be maintained.

But it is contended that the claimants have liens under the acts of 1836 and 1845, and that the act of 1887 is not applicable to their case; and the case of Hancock's App., 115 Pa. 3, is cited as authority that the acts of 1861 and 1865 are not

amendatory of the act of 1836, but simply a new enactment giving liens to two new classes.   The syllabus of Hancock's Appeal does say the said acts of 1861 and 1865 are not amendatory of the act of 1836, but Justice PAXSON in his opinion says : " We are of opinion, however, that the act of 1861 was amendatory, not explanatory."   And Mr. Justice McCOLLUM, in Thomas v. Hinkle, 126 Pa. 478, in construing the act of 1868, P. L. 1168, amendatory of the act of 1836, and applying to the city of Philadelphia only, and which extended the act of 1836 to cover repairs, alterations or additions, in language almost identical with that of the act of 1861, says : " As amended and applicable to the city of Philadelphia, the act of 1836 creates two kinds or classes of mechanics' liens.   The first class embraces debts contracted for work done or materials furnished for or about the construction of a building ; the second, debts contracted for work done or materials furnished for or about the repair, alteration of or addition to the same.   The liens thus given differ materially in their extent and qualities. . . . . It cannot be doubted that the amendment places all repairs, alterations and additions upon the same footing, and we think the case presented by the plaintiff is within it.   The fact that the original act was deemed broad enough to include new additions, does not interfere with this conclusion.   Where there are in an act specific provisions relating to a particular subject, they must govern in respect of that subject as against general provisions in other parts of the statute, although the latter standing alone would be broad enough to include the subject to which the particular provisions relate.   Hence, if there are two acts, of which one is special and particular, and clearly includes the matter in controversy, whilst the other is general and would, if standing alone, include it also, and if, reading the general provision side by side with the particular one, the inclusion of that matter in the former would produce a conflict between it and the special provision, it must be taken that the latter was designed as an exception to the general provision."

These principles, in the opinion of the auditor, are decisive of the present case, and clearly bring the right to a lien for the material furnished and work done for and about the Ostheim building within the provisions of the act of May 18, 1887 ; and, as we find that the notice which that act prescribes as the con-

Arguments.

dition upon which, only, a lien can be had, was not given, the claims must fall.

—The auditor accordingly awarded the whole of the fund for distribution to Gustavus Groezinger as a judgment creditor.

Exceptions to the auditor's report filed by the lien claimants were dismissed, after argument thereof, LIVINGSTON, P. J.; the auditor's report confirmed, and distribution ordered accordingly. Thereupon Stoner, Shreiner & Co. and Stormfeltz & Son took these appeals, specifying that the court erred:

1. In confirming the finding of the auditor that the liens of the exceptants were not entitled to payment.

4. In not deciding that the liens filed were claims for an erection under the acts of June 16, 1836, P. L. 695, and April 16, 1845, P. L. 538.

5, 6. In not decreeing payment of the mechanics' liens presented.

*Mr. B. C. Kready* (with him *Mr. A. C. Reinoehl*), for the appellants:

The questions raised by this appeal are, whether mechanics' liens filed as in this case against a property for the erection and construction of an extension or addition to a building, which amounts in effect to a new erection or construction, are affected by the act of May 18, 1887, P. L. 118; and whether it is necessary to give notice to the owner of an intention to file a lien, as required by that act, when the work and materials are furnished directly to him.

1. We contend that the acts of June 16, 1836, P. L. 695, and April 16, 1845, P. L. 538, are still in force, unaffected by the act of May 18, 1887, P. L. 118; and that, by a long line of decisions, it is settled that such additions to existing structures, as the one in question here, are within the former acts, notwithstanding that improvements which are almost entirely in the interiors of buildings, with but slight, if any, exterior changes, and with nothing calculated to put third persons upon inquiry for liens, have been held not to be such erections as that liens could be maintained therefor under the acts of 1836 and 1845: Miller v. Hershey, 59 Pa. 65; Patterson v. Frazier, 123 Pa. 414.

2. The acts of May 1, 1861, P. L. 550, and March 22, 1865,

Arguments.

P. L. 580, were passed for certain counties, to reach the latter of the classes of cases referred to. They did not destroy the distinction between erection and construction, upon the one hand, and alterations and repairs, upon the other: Hancock's App., 115 Pa. 3. Their amendment and extension by the act of May 18, 1887, cannot destroy that distinction. The legislature doubtless had that distinction in view when passing the act of May 18, 1887, and at the same session passing the act of June 17, 1887, amending and extending the acts of 1836 and 1845, and since declared unconstitutional in Titusville Iron Works v. Keystone Oil Co., 122 Pa. 627. The act of 1836, we submit, is still in force in all cases coming within it, under the decisions of this court heretofore made.

3. Thomas v. Hinkle, 126 Pa. 478, relied on by the auditor, was decided upon a special act applicable to Philadelphia. In Best v. Baumgardner, 122 Pa. 17, no claim was made under the act of 1836. The act of 1887 cannot alter, amend or modify the acts of 1836 and 1845, as is claimed; or, if it intended so to do, it is unconstitutional. The auditor finds that these liens are properly filed and in accordance with the requirements of the acts of 1836 and 1845, and accordingly, we submit, they should be paid out of the fund: 1 Trickett on Liens, 72, 73; Miller v. Hershey, 59 Pa. 65; Parrish's App., 83 Pa. 111; Hancock's App., 115 Pa. 1; Patterson v. Frazier, 123 Pa. 414. Even under the act of 1887, however, notice was not necessary in the circumstances of this case, the reason of the requirement ceasing when claimants deal directly with the owner: Swaney v. Washington Oil Co., 7 Pa. C. C. R. 353; Harbolsheimer v. Totten, 7 Pa. C. C. R. 665. Such was not the case in Best v. Baumgardner, 122 Pa. 17.

Counsel agree that the same judgment may be entered in this court in both the appeals.

*Mr. George Nauman,* for the appellee:

The auditor finds that the building was an addition, and that does not admit of question. A lien for an addition can be sustained only under the act of May 18, 1887, P. L. 118, and notice as therein required is essential: Best v. Baumgardner, 122 Pa. 17; Thomas v. Hinkle, 126 Pa. 478; Morrison v. Henderson, 126 Pa. 216. So far as my research goes, no lien

Opinion of the Court.

has been sustained under the general law, prior to the act of 1887, for additions, alterations or repairs, in any county in which there was a special or local act regulating these matters. Swaney v. Washington Oil Co., 7 Pa. C. C. R. 353, cited for the claimants, arose under the act of June 17, 1887, P. L. 409, relating to liens on leaseholds, by the express terms of which notice of an intention to file a lien is required only when the work and materials are furnished by others than the original contractor. Under the same act, it was held in McKeever v. Albert, 4 Pa. C. C. R. 251, that when the work is not let out by contract, even a person employed by the owner must give the notice. Harbolsheimer v. Totten, 7 Pa. C. C. R. 665, was decided under the act of June 17, 1887, P. L. 413, since held unconstitutional. Its provisions as to notice apply only to material-men, and the claimant in that case did not belong to that class. Mechanics' liens are purely the creatures of statute, and the law should not be strained in their favor. By the act of May 18, 1887, notice is explicitly made a condition of the right to claim its benefits, and such condition must be observed: Best v. Baumgardner, supra.

PER CURIAM:

The learned auditor rejected the mechanics' claim of the appellants in his distribution, in which he was sustained by the court below. The said claim was filed for a new addition, or back building, to an old building; and it was held that it came within the act of May 18, 1887, P. L. 118, the proviso of which requires " that, to entitle any one to the benefits of this act, he shall give notice to the owner, or reputed owner of the property, or his or her agent, at the time of furnishing the materials, or performing work in and about the repairs, alterations, or additions to any house or other building, of his intention to file a lien under the provisions of this act." The auditor found that no notice was given as required by said act. The act of 1887 received a construction in Best v. Baumgardner, 122 Pa. 17, where it was held that it repealed the acts of 1861 and 1865 by necessary implication, and that, under it, notice to the owner or reputed owner, was a necessary prerequisite to the filing of a lien. See, also, Thomas v. Hinkle, 126 Pa. 478.

We are satisfied that both the auditor and the court below were right in their conclusions.

> The decree of distribution is affirmed, and the appeal dismissed at the costs of the appellants.

