## Purvis et al., Appellants, v. Ross et al.

*Constitutional law—Statutes—Amendment by reference to title—Act of May 18, 1887—Judicial functions—Art. 3, § 3, art. 5, § 1, Const.*

The act of May 18, 1887, P. L. 118, entitled " A supplement to an act relating to the lien of mechanics and others upon buildings " substantially complies with sec. 6, art. 3, of the constitution of Pennsylvania, which provides that " no law shall be revived, amended or the provisions thereof extended or conferred, by reference to its title only."

It not only quotes the title of the act of June 16, 1836, but it re-enacts and publishes at length so much thereof as, by its supplement of May 1, 1861, is extended and amended. It is unessential that the supplement precedes the original act in the order of reference.

The act of May 18, 1887, P. L. 118, providing that the act of 1836 and supplements shall be held and taken to apply to repairs, etc., is not a judicial order or decree directed to the courts in violation of sec. 1, art. 5, of the constitution of Pennsylvania. Hancock's Ap., 115 Pa. 1, applied.

Argued Oct. 3, 1893. Appeal, No. 36, Oct. T., 1893, by plaintiffs, J. L. Purvis et al., from order of C. P. Clarion Co., Nov. T., 1890, No. 91, making absolute rule to strike off mechanic's lien. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Rule to strike off mechanic's lien on sci. fa.

From the record it appeared that on May 4, 1889, defendant contracted in writing with A. P. Karns & Co. " to build and construct an addition " to his house, " and make repairs, etc., as designated in specifications hereto attached and made part hereof." The specifications indicated repairs as well as addition to old building. Some disputes arose between the parties as to the deficiency of the work, and it was alleged by defendant that Karns & Co. never completed their contract, but have been paid in full. On Jan. 15, 1890, plaintiffs filed their claim for $267.38 against defendant's building, and issued a sci. fa. Defendant then moved to strike off the lien on the ground that no notice had been given as required by act of May 18, 1887, P. L. 118. The court made absolute the rule to strike off the lien, in an opinion by WHITE, P. J., of the 40th judicial district, specially presiding.

*Error assigned* was above order, quoting it.

*T. C. Campbell, W. W. Barr* with him, for appellants, cited : Nelson v. Campbell, 28 Pa. 156 ; Lightfoot v. Krug, 35 Pa. 348 ; Pretz's Ap., 35 Pa. 349 ; Harman v. Cummings, 43 Pa. 322 ; Parrish's Ap., 83 Pa. 111 ; Long v. McLanahan, 103 Pa. 537 ; Titusville Iron Works v. Keystone Oil Co., 122 Pa. 627 ; Groezinger v. Ostheim, 135 Pa. 604 ; People v. Mahaney, 13 Mich. 497 ; Donehugh v. Roberts, 11 W. N. 186 ; Thomas v. Hinkle, 126 Pa. 478 ; Hancock's Ap., 115 Pa. 1 ; Best v. Baumgardner, 122 Pa. 17 ; East Grant Street, 121 Pa. 596.

*John W. Reed, Harry R. Wilson* and *W. H. Ross* with him, for appellees.

PER CURIAM, October 30, 1893 :

The sole question in this case is whether the act entitled, " A supplement to an act relating to the lien of mechanics and others upon buildings," approved May 18, 1887, P. L. 118, is constitutional. If it is, notice must be given, and the lien was rightly stricken off for want thereof.

While said act may be objectionable in form, it is nevertheless in substantial compliance with section 6 of article 3 of the constitution. It not only quotes the title of the act of June 16, 1836, but it re-enacts and publishes at length so much thereof as, by its supplement of May 1, 1861, is extended and amended. It is obviously unessential that the supplement precedes the original act in the order of reference ; it is evident from the reference that the legislature had the whole subject-matter before it and what its purpose was : Best v. Baumgardner, 122 Pa. 17.

The question of interference with judicial functions is sufficiently answered by the opinion of this court in Hancock's Appeal, 115 Pa. 1.

We see no reason for reversal of the decree striking off the lien, and the same is therefore affirmed and appeal dismissed, with costs to be paid by appellants.