## Charles H. Clark, Appellant, *v.* Jacob Koplin et al.

*Mechanic's lien for alterations, etc.—Notice—Statutes construed.*

The Act of May 18, 1887, P. L. 118, extending the local law of May 1, 1861, P. L. 550, relative to liens for repairs, alterations and additions is a substitute for the latter act and the latter act must yield. The same interpretation applies to its effect on the Act of August 1, 1868, P. L. 1168, which permitted liens to be filed in the city of Philadelphia, but contained no requirement as to notice, and the act of 1868 must be considered as superseded, so far as the duty to give notice under the act of 1887 is concerned.

Argued Dec. 14, 1897. Appeal, No. 28, Oct. T., 1897, by plaintiff, from order of C. P. No. 4, Phila. Co., Dec. T., 1896, No. 136, M. L. D. striking off mechanic's claim. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Rule to strike off mechanic's lien.

It appears from the record that plaintiff furnished to Jacob Singer, contractor for Jacob Koplin, the owner, or reputed owner, of a building upon which repairs were being made, certain lumber to the value of $52.94. No notice was given to the owner of the building by the plaintiff of his intention to file his claim. Defendants took a rule to strike off the claim, which rule the court below made absolute. Plaintiff appealed.

1898.]        Assignment of Error—Opinion of the Court.

*Error assigned* was making absolute rule to strike off claim.

*Augustus J. Rudderow,* for appellant.—Contended that the Act of May 18, 1887, P. L. 118, does not supersede the Act of August 1, 1868, P. L. 1168.

*Adolph Eichholz,* for appellee.—This question is not a new one. The Supreme Court has repeatedly held that the act of 1887 has superseded the local acts upon the same subject: Best v. Baumgardner, 122 Pa. 17; Morrison v. Henderson, 126 Pa. 216; Groezinger v. Ostheim, 135 Pa. 604; Purvis v. Ross, 158 Pa. 20.

PER CURIAM, February 19, 1898:

The Act of May 18, 1887, P. L. 118, extended the local law of May 1, 1861, P. L. 550, relative to liens for repairs, alterations and additions, " to all the counties of this commonwealth," and provided " that, to entitle any one to the benefits of this act, he shall give notice . . . . of his intention to file a lien under the provisions of this act." The act of 1861 contained no requirement as to notice. " It is, however, perfectly plain that it was the intention of the legislature by the act of 1887, to give a lien for repairs by general law applicable over the whole commonwealth, but subject to the condition that the claimant should give notice of his intention to file a lien to the owner when the materials are furnished or work done. As this condition was not imposed by the act of 1861, it is necessarily and materially inconsistent with that act; but as the act of 1887 was clearly intended to cover the same subject-matter as the act of 1861, by way of general instead of local law, it must be regarded as a substitute for the latter, and the latter must yield: " Best v. Baumgardner, 122 Pa. 17; Groezinger v. Ostheim, 135 Pa. 604; and see Morrison v. Henderson, 126 Pa. 216. By the same reasonable interpretation the Act of August 1, 1868, P. L. 1168, which permitted liens for repairs to be filed in the city of Philadelphia but contained no requirement as to notice, must be considered as superseded, so far as the duty to give notice is concerned, by the act of 1887. As the city and county of Philadelphia are coextensive, and as the act of 1887 extended the act of 1861 to all the counties of the common-

wealth, with the added proviso as to notice, it is impossible to conclude that the legislature intended to except Philadelphia from its operation.

Order affirmed and appeal dismissed at the cost of the appellant.