## Hothersall *v.* Rust, Appellant.

*Mechanic's lien—Alteration—New building—Act of May* 18, 1887, *P. L.* 118.

Where an old factory building has been extended, and the old work and the new have been so combined that in external appearance and internal arrangement, the entire structure forms a homogeneous mass, the extension is an addition to and alteration of an old building, and a mechanic's lien can only be sustained against it by complying with the Act of May 18, 1887, P. L. 118, as to notice.

Argued Oct. 25, 1901.    Appeal, No. 17, Oct. T., 1901, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1898, No. 965, M. L. D., on verdict for plaintiff in case of Stephen J. Hothersall and John H. Cloak, trading as Hothersall & Cloak, v. Anna E. Rust, Owner, Appellant, and Alfred J. Rust, Contractor.    Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ.    Reversed.

Scire facias sur mechanic's lien.    Before Wiltbank, J.
The court refused binding instructions for defendant.
Verdict and judgment for plaintiffs for $531.23.    Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*J. Howard Morrison*, for appellant, cited : Law v. Levine, 13 Pa. Superior Ct. 152; Mehl v. Sapper, 13 Pa. Superior Ct. 330.

*Charles J. Sharkey*, with him *F. Pierce Buckley*, for appel-

lee cited : Armstrong v. Ware, 20 Pa. 520 ; Grable v. Helman, 5 Pa. Superior Ct. 328 ; Miller v. Hershey, 59 Pa. 69 ; Hall v. Blackburn, 173 Pa. 313 ; Warren v. Freeman, 187 Pa. 458 ; Goeringer v. Schappert, 17 Pa. Superior Ct. 295 ; McDowell v. Riley, 16 Pa. Superior Ct. 519 ; Thompson's App., 3 Pa. Superior Ct. 653.

OPINION BY W. D. PORTER, J., December 16, 1901 :

An old brick factory building two stories high and having a basement, fronting forty-one feet on Emerald street and extending back sixty-five feet along Wishart street, in the city of Philadelphia, was enlarged by the building operation out of which this litigation arose. The rear wall of the building was removed, and the bricks taken therefrom were used in the construction of the new work ; the new work extended the building back along Wishart street 136 feet, this extension of the building being of the same height with the old building ; the floors of the extension were made continuous with those of the old building, so that each floor of the completed building constituted one room, embracing both the old and new parts of the structure ; the roof of the new building was made continuous with that of the old, the entire roof being upon one level ; the old and the new parts of the structure were designed to be used as one building. A small building was erected on the Emerald street front of the lot, attached to and structurally incorporated with the old part of the factory building on the northeast side thereof ; this small building was intended to be used as an office and in it were placed the elevator and staircase intended for the use of both parts of the structure, and portions of the wall of the old building were taken out on the several floors, so as to make this addition readily accessible to the main building. The office building was not attached to the new portion of the main structure, but access from one of those parts of the building to the other was afforded through the old building. The plaintiffs filed a mechanic's lien against the office building and that part of the main building which was newly constructed, excluding from the lien that part of the main building which had stood there before the work began. There were no alterations in the old part of the building, except the removal of the walls for the purpose of incorporating into it the new portions

of the structure, as above indicated. The evidence presented no disputed question of fact as to the changes which had by the building operation. been wrought in the structure, and whether under the undisputed facts the lien as filed could be sustained was a question of law for the court.

The lien was filed for erection and construction under the act of 1836, and the old part of the building was manifestly intended to be excluded from the operation of the lien, for in the description of the curtilage appurtenant to the building against which the lien was filed, one of the walls of the old building is called for as a boundary. There was no question under the evidence that the work in the addition to the building was new, both in the external walls and interior construction, but there was no evidence as to the external appearance of the building or its internal arrangement which warranted the court in permitting the jury to pass upon the question of whether the entire structure, old and new, constituted one building. The old work and the new had been so combined as to form a homogeneous structure, a building which was a unit, and which could not be cut into fragments for the purposes of lien. The lien was not filed. against the entire building, upon the theory that the changes in the old part had made the entire structure new in its main mass, and it may well be doubted whether such a lien could have been sustained under the evidence. The plaintiffs having filed their lien against the new section of the building, as a distinct structure, it was incumbent upon them to produce evidence sustaining the lien as filed. The evidence produced established that the work was done in the enlargement of a pre-existing building and that the new work had been so blended with the old as to form one building against a part of which the plaintiffs were attempting to enforce a lien. While the lien was regular upon its face and could not have been stricken off there was between it and the evidence offered a variance of which the defendant was in position to take advantage : Lee v. Burke, 66 Pa. 336 ; Klinefelter v. Baum, 172 Pa. 652. The extension of the old building in this case was very considerable, but the old still constituted no inconsiderable part of the new structure, which fact the plaintiffs recognized by attempting to segregate the parts of the building and treat the old and the new as distinct structures. The new work con-

stituted an addition to and alteration of an old building and a mechanic's lien could only be sustained by complying with the Act of May 18, 1887, P. L. 118: Thomas v. Hinkle, 126 Pa. 478; Groezinger v. Ostheim, 135 Pa. 604; Morrison v. Henderson, 126 Pa. 216; Wharton v. Real Estate Investment Co., 180 Pa. 168; Purvis v. Ross, 158 Pa. 20; Smyers v. Beam, 158 Pa. 57, and the opinion in Kolb v. The Reformed Episcopal Church, decided by this court at the present term. The defendant was entitled to an affirmance of her fifth point in which she prayed for binding instructions in her favor.

The judgment is reversed.