# Chester City Presbyterian Church, Appellant, *v.* Conlin.

*Mechanic's lien—Additions and alterations—Church building.*

Where an old church building having a frontage of forty feet and a depth of sixty feet, has added to it and structurally incorporated with it a new building having a frontage of sixty feet, and a depth of twenty feet, and other changes are made in the old building, so that the entire work, old and new, when completed was so blended as to constitute a church edifice which is a unit, a mechanic's lien cannot be filed against the new portion of the structure. Such a building operation is an alteration of and addition to an existing building against which no right of lien exists, if the provisions of the Act of May 18, 1887, P. L. 118, as to notice, have not been complied with.

Argued Nov. 18, 1901. Appeal, No. 24, Oct. T., 1901, by plaintiff, from order of C. P. Delaware Co., June T., 1896,

516 PRESBYTERIAN CHURCH, Appellant, *v.* CONLIN.

Statement of Facts—Opinion of the Court. [19 Pa. Superior Ct.

No. 2, refusing to take off nonsuit in case of Chester City Presbyterian Church v. Philip Conlin. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Scire facias sur mechanic's lien. Before JOHNSON, J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was refusal to take off nonsuit.

*William B. Broomall*, for appellant.—The right to a lien against a new building is not affected by the fact that the new building adjoins an old one and is used in connection with it: Nelson v. Campbell, 28 Pa. 156; Lightfoot v. Krug, 35 Pa. 349; Pretz's Appeal, 35 Pa. 349; Harman v. Cummings, 43 Pa. 322; Parish's App., 83 Pa. 111; Wheeler v. Pierce, 167 Pa. 416; Armstrong v. Ware, 20 Pa. 519.

*O. B. Dickinson*, with him *George M. Booth*, for appellee, cited: Morrison v. Henderson, 126 Pa. 216; Thomas v. Hinkle, 128 Pa. 478; Groezinger v. Ostheim, 136 Pa. 604; Wharton v. Real Estate Investment Co., 180 Pa. 174; Law v. Levine, 13 Pa. Superior Ct. 152.

OPINION BY W. D. PORTER, J., March 14, 1902:

This is an action against the surety of a contractor for the erection of an extension of the church edifice of the plaintiff. The judgment resulting from the first trial of the case was reversed by this court: Chester City Presbyterian Church v. Conlin, 11 Pa. Superior Ct. 413. Many questions had been raised at that former trial, and the court below had held that the validity of a certain mechanic's lien filed by Howarth had been conclusively established by a verdict upon the scire facias upon which no judgment had been entered. The facts with regard to the changes wrought in the old building by the operations out of which the litigation arose, and the form of the lien which had been filed by Howarth & Son had not been fully developed by the evidence, and upon the face of the record then presented, the lien appeared to be valid. The issue upon the second trial, from the result of which we have the present appeal, was

more clearly defined, and evidence has been produced which makes clear the character, extent and results of the building operation and the form of the mechanic's lien filed by Howarth & Son. The present record presents a question entirely different from that upon which we formerly passed. The plaintiff seeks to recover the amount which it paid to Howarth & Son in discharge of the claim which it was supposed was a lien upon the building  A scire facias had been issued upon the Howarth lien, and upon the trial a judgment of nonsuit had been entered. The plaintiff and the surety of the contractor then had a partial settlement, after certain proceedings under an execution attachment which had been issued by Conlin and in which the present plaintiff was summoned as a garnishee, in which it was assumed that proceedings upon the Howarth lien were at an end; and the plaintiff then paid to the defendant a sum which it was supposed it owed upon the building contract. The refusal to take off the judgment of nonsuit in the scire facias upon the Howarth lien was subsequently reversed by the Supreme Court, upon grounds not involved in the consideration of the present record: Howarth v. Chester City Presbyterian Church, 162 Pa. 17. After further proceedings upon the Howarth lien, not, however, resulting in a judgment thereon, the plaintiff paid the amount of the claim and now seeks to recover the sum so paid. If the Howarth claim was a valid lien and legally enforceable against the property, the plaintiff is entitled to recover.

The learned court below held, upon the second trial, that the building operation, for their contribution to which Howarth & Son asserted the right of lien, was an alteration of and addition to an existing building, and that the provisions of the Act of May 18, 1887, P. L. 118, not having been complied with, the right of lien did not exist. There was no dispute as to the material facts. The old church building was forty feet in front and sixty feet in depth and two stories high; upon the first floor was a Sunday school room, with class rooms in the rear, and the second floor was the audience room, where church services were conducted. Steps led from the first to the second floor inside the front wall of the building. A new structure was erected, having a frontage of sixty feet and a depth of twenty feet, in front of and structurally incorporated with the

old church; the front wall of the old building and the stairway leading to the second floor thereof were removed; the main audience room on the second floor of the building was enlarged by extending it through to the front of the new structure, new stairways being placed in that part of the new structure which extended ten feet beyond the line of the old structure upon each side; a new floor was constructed over a part of the old upon the second story, so as to make the floor of the auditorium decline toward the pulpit, and the second floor of the entire building, old and new, was thus thrown into one audience room; on the first floor the class rooms at the rear remained unchanged, the Sunday school room was enlarged by including within it ten feet of the depth of the new structure, ten feet of the depth of the new structure next to the front being used as a vestibule and for access to the staircase at the side leading to the second floor. The only changes in the old building were as above stated. There can be no question that the entire work, old and new, when completed had been so blended as to constitute a church edifice which was a unit. Howarth & Son filed their lien against that part of the edifice which was new, the front part, having a depth of twenty feet, as a distinct structure. When applied to the structure in existence upon the ground, this was the assertion of a lien against the vestibule, a fraction of the Sunday school room, a part of the auditorium and the staircase leading from one floor to the other of a church building which was a unit. Such a building cannot thus be cut into fragments for the purposes of lien: Kolb v. Reformed Episcopal Church, 18 Pa. Superior Ct. 477; Hothersall v. Rust, 18 Pa. Superior Ct. 495. We are of opinion that the evidence presented failed to establish the validity of the lien of Howarth & Son, and that there was no error in the refusal of the learned judge of the court below to take off the judgment of nonsuit.

The judgment is affirmed.