## Drummond, Appellant, *v.* Rice.

*Mechanic's lien—Notice to architect—Act of May* 18, 1887, *P. L.* 118.

The notice required by the Act of May 18, 1887, P. L. 118, to be given to the owner where work is done on or materials are furnished for an addition to and alterations of an existing structure, is not complied with by a notice to an architect employed by the owner merely to supervise the manner of construction.

Argued Dec. 12, 1904. Appeal, No. 136, Oct. T., 1904, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec T., 1899, No. 128, M. L. D., on verdict for defendant in case of William J. Drummond v. Reformed Episcopal Church of the Reconciliation of Philadelphia, owner, or reputed owner, and Thomas Rice and Joseph K. Church, trading as Thomas Rice & Company, contractors. Before RICE, P. J., BEAVER, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Scire facias sur mechanic's lien. Before McMICHAEL, J. See Kolb v. Reformed Episcopal Church, 18 Pa. Superior Ct. 477.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Frank M. Cody*, with him *Cody & Develin*, for appellant.— The notice given by the plaintiff was a sufficient notice under the Act of May 18, 1887, P. L. 118.

The purpose of the notice is that the owner may protect him-

self against any claims upon the part of the subcontractors or material men, and this can be the only reason why the legislature thought fit to place such a provision in the act. He has the money in his hands, and the receipt of notice warns him not to settle with his contractor until the subcontractors and material men have been paid: Robbins v. Blevins, 109 Mass. 219; Neeley v. Searight, 113 Ind. 316 (15 N. E. Repr. 598).

*Walter E. Rex,* for appellee.—The Superior Court in Kolb v. Church, 18 Pa. Superior Ct. 477, decided that this Sunday school building was an addition, and not a new erection. Therefore, the lien filed by the appellant can only be sustained by showing that the notice required by the act of May 18, 1887, was given.

Under the act of 1887 the notice must be given to the owner, or reputed owner, or his or her agent, at the time of furnishing materials, etc., of his intention to file a lien under the provisions of the act: Groezinger v. Ostheim, 135 Pa. 604; Strawick v. Munhall, 27 W. N. C. 195.

A supervising architect is not such an agent within the meaning of the act of May 18, 1887, to receive notice of an intention to file a mechanic's lien for additions: Langenheim v. Anschutz-Bradberry Co., 2 Pa. Superior Ct. 285.

OPINION BY PORTER, J., January 17, 1905:

The mechanic's lien upon which this writ of scire facias issued was filed as for work done upon an addition to and alteration of an existing structure, and under the facts of the case we are of opinion that it was properly so filed: Kolb v. Reformed Episcopal Church, 18 Pa. Superior Ct. 477. The operation was subject to the provisions of the Act of May 18, 1887, P. L. 118, and notice to the owner, or its agent, at the time the work was done and the materials were furnished, was a necessary prerequisite to the validity of the lien: Groezinger v. Ostheim, 135 Pa. 604. The contract between the plaintiff and the principal contractor, under which this work was done, was an entire one, and if the plaintiff intended to render the property subject to a mechanic's lien notice ought to have been given to the owner before the work was commenced: Strawick v. Munhall, 27 W. N. C. 195. The only notice prior to the be-

ginning of the work of which there was any sufficient evidence was given to the architect employed by the owner to supervise the manner of construction. We have held, in Langenheim v. Anschutz-Bradberry Co., 2 Pa. Superior Ct. 285, that the nature of the duties of an architect, and his relation to the owner of the building, did not constitute him the agent of the latter within the meaning of the act of 1887, for the purpose of receiving or accepting notice from a subcontractor of an intention to file a lien against the building, and we find nothing in the evidence which would have warranted a finding that unusual powers were delegated by the owner to the architect, in this case, employed to see that the work was properly done.

The judgment is affirmed.