# Winton, Appellant, *v.* Benore.

*Mechanic's lien—Alterations and repairs—Notice to owner—Act of May 18, 1887, P. L. 118.*

The Act of May 18, 1887, P. L. 118, does not require that a mechanic's lien for alteration, repairs and additions shall contain an averment that notice was given to the owner of an intention to file a lien. If notice was actually given the lien will be good, and may be amended as to notice.

Argued Jan. 13, 1905. Appeal, No. 3, Jan. T., 1905, by plaintiff, from order of C. P. Lackawanna Co., May T., 1899, No. 575, sustaining exceptions to auditor's report in case of B. M. Winton and Walter W. Winton, Executors of Catherine Winton, Deceased, v. John Benore & Son, Claimants upon the fund derived from the sale of the real estate of B. E. Leonard. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to report of R. L. LEVY, Esq., auditor.

*Errors assigned* were in sustaining exceptions to the auditor's reports.

*C. H. Wells* of *Wells & Torrey* and *C. R. Pitcher*, for appellant.—Notice is a necessary prerequisite to the lien, and this even when the work or materials are furnished directly upon the owner's order: Groezinger v. Ostheim, 135 Pa. 604; Langenheim et al v. Anschutz-Bradberry Co., 2 Pa. Superior Ct. 285; Purvis v. Ross, 158 Pa. 20; Moss v. Greenberg, 3 Pa. Dist. Rep. 247.

There is nothing in this act which in the least degree gives sanction to the idea that the time for filing a lien may be extended beyond the six months by way of amendment: Knox v. Hilty, 118 Pa. 430; McFarland v. Schultz, 168 Pa. 634; Grier v. Assurance Co., 183 Pa. 334.

*John F. Scragg*, with him *C. A. Van Wormer*, for appellees. —While the act of 1887 does provide that a notice of intention to claim a lien must be given, it is not a statutory provision

that it must be averred in the statement.   It is true that courts have stricken off liens for want of such an averment, but no court has ever refused an amendment averring such notice where it was shown that it had been actually given.   When the mortgagees discovered there was no averment of notice they assumed no notice had been given.   This they had no right to do.   The only way to get rid of this lien, a legal notice of which was before them, was to move to strike it off.   This was done, an amendment was inserted and the lien allowed to stand.   They were bound to know the law, hence to know that they were liable to be confronted with this very condition: Reading v. Hopson, 90 Pa. 494; Wilvert v. Sunbury Boro., 81 * Pa. 57 ; Philadelphia v. Stevenson, 132 Pa. 103 ; Cessna's App., 19 W. N. C. 530 ; Kennedy v. House, 41 Pa. 39 ; Linden Steel Co. v. Imperial Refining Co., 138 Pa. 10 ; Seitz v. Buffum, 14 Pa. 69.

OPINION BY MORRISON, J., April 17, 1905:

The contest in this case arises between the appellants, under a mortgage of B. E. Leonard's real estate, dated August 14, 1897, and recorded on the same day, and the appellees under a mechanic's lien, against the same real estate, filed in the common pleas of Lackawanna county on August 5, 1897, and duly entered in the mechanic's lien docket therein.   The mechanic's lien was for alterations, repairs and additions to the building on the premises described in the said mortgage.   This lien contained no averment that notice had been given by John Benore & Son, the claimants therein, to B. E. Leonard, the owner of the building, at the time of furnishing the work and material, of their intention to file a mechanic's lien therefor. The lien was filed under the Act of June 16, 1836, P. L. 695 and its supplements of May 1, 1861, P. L. 550 and of May 18, 1887, P. L. 118.

The lien substantially contains all that is required by the act of June 16, 1836, which act required no notice as a prerequisite of the filing of a mechanic's lien.   This act, however, did not authorize the filing of a lien for alterations, repairs and additions to buildings.   Authority for liens in such cases is found in the supplements to the act of 1836.

The act of May 1, 1861, simply provided that, " an act re-

lating to the lien of mechanic's and others, upon buildings, approved June 16, 1836, together with the several supplements thereto, shall hereafter be held and taken to apply to debts contracted for work done or material furnished for or about the repair, alteration of, or addition to any house or other building, so that liens may hereafter be had for the payment of all debts contracted for work done or materials furnished for, or about the repair, alteration of or addition to any house or other building, in the same manner as liens may now be had for debts contracted for work done or materials found for or about the erection or construction of any house or other building under the aforesaid act, approved June 16, 1836, and the several supplements to the said act; provided nevertheless, that this act shall not apply to debts, such as aforesaid where the same are of less amount than $20.00; and provided also, that this act shall only apply to Chester, Delaware and Berks counties."

Then came the act of May 18, 1887, which extended the above act to all of the counties of the commonwealth, and it contains the following proviso, which gives rise to the contest in the present case: " And provided further, that to entitle anyone to the benefits of this act he shall give notice to the owner or reputed owner of the property, or his or her agent, at the time of furnishing the materials, or performing work in or about the repairs, alterations or additions to any house or other building, of his intention to file a lien under the provisions of this act."

A motion was made on behalf of the mortgagee to strike off the mechanic's lien because it did not aver the notice above required. Thereupon the claimant moved to amend the lien by averring that notice was given as required by the act but that it was omitted from the lien by mistake. Upon these motions rules were granted and upon hearing and investigation, the learned president of the court below made the rule absolute, and allowed the lien to be amended as prayed for, and discharged the rule to strike off the lien. Afterwards the case was tried before the court and a jury and the fact was found that the claimants gave the proper notice of their intention to file a lien. After the mortgaged premises had been sold by the sheriff the distribution of the fund was referred to an au-

ditor and the only substantial ground taken before the auditor for disallowing the mechanic's lien, which was entered and filed nine days prior to the mortgage, was the failure to aver in the lien the notice required by the act of May 18, 1887. The learned auditor found as a fact that the claimants did give the requisite notice, at the proper time, of their intention to file a lien, but he held that the lien was bad, and must be postponed in favor of the mortgage, solely because the giving of the notice was not averred in the lien when filed, and that the amendment averring such notice was not granted for more than six months after the filing of the lien. To this ruling of the auditor exceptions were taken and on argument the learned president of the court below, in an elaborate opinion to which it is doubtful if anything profitable can be added, sustained the exceptions and ordered and decreed that the mechanic's lien should be first paid and that the residue of the fund should be applied on said mortgage.

There is nothing in the act of 1836, the act of 1861, or the act of 1887, requiring that the claimant shall aver in his lien the giving of the notice referred to.

We have plenty of decisions of the Supreme Court, and of this court, to the effect that the giving of the notice is a prerequisite to the filing of a lien for alterations, repairs and additions. But in none of these cases has it ever been held that the lien is bad when the notice was actually given and the claimant was offering to prove it and amend his lien accordingly. Hothersall v. Rust, 18 Pa. Superior Ct. 495, is authority for the proposition that such lien can only be sustained by complying with the provisions of the Act of May 18, 1887, P. L. 118, as to notice. But that appears to be a case where no notice was in fact given. See also Smyers v. Beam, 158 Pa. 57, also Groezinger v. Ostheim, 135 Pa. 604. The latter is another case where no notice was given. Presbyterian Church v. Conlin, 19 Pa. Superior Ct. 515, is another case holding that a lien for alterations and repairs, filed without notice, is not good. But that case is not authority for the proposition that the notice must be averred in the lien. We might cite many other decisions but none of them, by the appellate courts, sustain the learned auditor in his decision that the lien was bad because the notice was not averred therein.

In our opinion the discussion by the learned president of the court below, and the authorities cited by him, amply sustain his decision in favor of the mechanic's lien.

We are aware that several of the common pleas courts have taken the contrary view and again several others have held as did the court below.

Upon careful consideration the assignments of error are all dismissed and the order or decree of the court below is affirmed, at the costs of the appellants.