## Viola v. Savar

*Edward N. Flair Jr.,* for plaintiff.
*Peter Delcollo,* for defendants.

SUBERS, *J.,* February 21, 1990 — Plaintiff's appeal from the court's order sustaining defendants' preliminary objections and thereby striking plaintiff's mechanics' lien claim and complaint for failure to conform to the Mechanics' Lien Law of 1963, 49 P.S. §1101, et seq.

Plaintiff is a Pennsylvania corporation and is engaged in the business of builder and general

contractor. Defendants, husband and wife, are the owners of real estate at 2309 Barren Hill Road, Lafayette Hill, Pennsylvania.

The parties entered into a written contract on October 22, 1987, to renovate the Barren Hill Road structure for $35,500.

A dispute between the parties in February 1988, resulted in a work stoppage on the project. On June 10, 1988, plaintiff filed a mechanics' lien against the real estate at 2309 Barren Hill Road for $24,419.16. On September 20, 1988, plaintiff filed a complaint to obtain judgment on the lien.

On October 17, 1988, this court, per Judge Brown, permitted service to be effectuated by posting either at the Barren Hill Road property or at 2322 Harts Lane, Lafayette Hill, Pa. The complaint was reinstated on October 25, 1988, and service was effectuated on October 28, 1988.

Defendants filed their preliminary objections and motion to strike on November 16, 1988. Plaintiff answered defendants' preliminary objections on December 12, 1988. On December 20, 1989, this court entered an order sustaining the defendants' preliminary objections and striking plaintiff's mechanics' lien claim and complaint.

Plaintiff has now filed a concise statement of matters complained of pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), which states, as follows:

*"Direction to file statement of matters complained of —*

"The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of in the appeal no later than 14 days after entry of such order."

## ISSUE

Did the court properly sustain defendant's preliminary objections and strike plaintiff's mechanics' lien claim and complaint based thereon?

## DISCUSSION

Plaintiff argues that this court improperly sustained defendants' preliminary objections and granted their motion to strike. We do not agree.

The relevant rule of law is that a claim for a mechanics' lien which is self-contradictory is defective and may, if the defect is substantial, be stricken off. *Morrison v. Hendersen,* 126 Pa. 216, 17 Atl. 599 (1889). In the instant case, we find that plaintiff's mechanics' lien claim is self-contradictory, and that the defect is substantial enough to justify striking the claim and the corresponding complaint.

The defect in plaintiff's claim is found in paragraph four. Plaintiff alleged that the parties on December 7, 1988, orally modified their pricing arrangement in that the cost of the project was changed from a fixed price of $35,500 to an amount determined on a cost plus percentage basis. However, plaintiff proceeds to use the original contract price of $35,500 from which he subtracts certain charges credited to defendants and arrives at the principal amount due of $24,419.16. This court cannot readily ascertain from the lien claim that plaintiff properly continued to use the original contract price as the base figure to compute the lien amount, and then that the amount claimed is properly due plaintiff.

Even if plaintiff properly used the original contract price as the base figure to compute the lien amount, we still find that the mechanics' lien claim is flawed. The Mechanics' Lien Law of 1963 requires that the lien claim contain a statement of

labor and materials furnished by the claimant, and the degree of specificity required of that statement depends on the applicable subsection of 49 P.S. §1503. Title 49 P.S. 1503(5) and (6) provide, respectively, as follows:

"§1503. *Contents of claim* —

"The claim shall state:

"(5) if filed by a contractor under a contract or contracts for an agreed sum, an identification of the contract and *a general statement* of the kind and character of the labor or materials furnished:

"(6) in all other cases than that set forth in clause (5) of this section, *a detailed statement* of the kind and character of the labor or materials furnished, or both, and the prices charged for each thereof;. . ."

In the case at bar, plaintiff allegedly modified its contract from a fixed price, and is therefore no longer governed by 49 P.S. 1503(5), but by 49 P.S. 1503(6). Plaintiff did not comply with 49 P.S. 1503(6) and supply a detailed statement of the kind and character of the labor or materials furnished. Instead, plaintiff has attached to its claim a tremendous pile of photocopied exhibits, which include many illegible documents used to verify the work done by the claimant. The court cannot determine the accuracy of the claim with the materials supplied.

Therefore, because we find that the defects in plaintiff's claim are substantial, and because work ceased on the project two years ago, plaintiff's claim has been dismissed with no leave to amend.

## CONCLUSION

The order sustaining defendant's preliminary objections and striking plaintiff's mechanics' lien claim and complaint filed thereon was proper and, therefore, should be affirmed.