## Lightfoot *versus* Krug *et al.*

A kitchen is an erection which will authorize the filing of a mechanics' lien, though it may bind the main building to which the kitchen is attached. Nelson *v.* Campbell, 4 *Casey* 156, affirmed.

ERROR to the Common Pleas of *Allegheny county.*\*

This was a *scire facias* by Krug & Kohlman against Jacob Lightfoot, on a mechanic's claim for $53.06, which was filed against a "one-storied brick kitchen, or back building," erected on the easterly half of lot No. 40, in Bell, Edwards & Breed's plan of lots in the borough of Birmingham, "being twelve by fourteen feet square, and one story high."

The defendant filed the following affidavit of defence:—

"Before me, personally came John Lightfoot, agent for Jacob Lightfoot, who for defence saith, that the alleged building, against which the mechanic's lien is filed, is not such a building as the act contemplated a lien would lie against; it being the mere addition to the main building of a kitchen; such main building being a two-storied brick house.

"JOHN LIGHTFOOT."

On motion of the plaintiffs' counsel, the court below gave judgment for want of a sufficient affidavit of defence, which was here assigned for error.

\* This case was argued at Pittsburgh, and decided at Philadelphia on the 3d January 1860.

[Lightfoot v. Krug et al.]

*F. H. Collier*, for the plaintiff in error, cited Landis's Appeal, 10 *Barr* 379; Miller v. Oliver, 8 *Watts* 514.

*R. B. Carnahan*, for the defendant in error, cited and relied upon.the case of Nelson v. Campbell, 4 *Casey* 156.

The opinion of the court was delivered by

THOMPSON, J.—The new erection was a kitchen or back building. Was this subject to a lien of the mechanic? The court below held that it was. In this they were right. It is clearly within the principle. of Nelson v. Campbell, 4 *Casey* 156, and is ruled by it.

Judgment affirmed.