## Appeal of Hoff, et al.

A mechanics' lien for repairs, alterations and additions under the Act of August 1st 1868 (P. L. 1168), filed after the death of the debtor but within six months after the completion of the work, is not entitled to priority, over the general debts of decedent, in distribution of the proceeds of a sheriff's sale, in execution, of the premises against which such mechanics' lien was filed.

January 26th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Common Pleas No. 2, of *Philadelphia county :* Of January Term 1883, No. 69.

This was an appeal by Hoff and others from a decree of the said court dismissing their exceptions to the report of an auditor, distributing the proceeds of a sheriff's sale of realty and confirming the report.

The real estate in question was sold January 1st 1882, in execution under a judgment against Alfred Vezin and Bella G., his wife. After payment of the execution creditor in full, the matter was referred to an Auditor (Charles D. Freeman, Esq.) to report distribution of the balance of the fund. Before the Auditor, the fund was claimed on the one hand by Thomas W. South, administrator d. b. n. c. t. a. of Alfred Vezin, the defendant in the execution, who died April 15th 1881, and on the other hand, by Hoff, Fontaine & Abbott and by one Capehart under mechanics' claims filed by them for work and labor done in the repair, alteration and addition to buildings erected on the premises, the sheriff's sale of which produced the fund. These mechanics' claims were filed respectively on April 27th and May 4th 1881, within six months from the completion of the work, and prior to the sheriff's sale but after the death of

Alfred Vezin. The Auditor found that said Vezin was both the owner of the realty sold, and the contractor for the work and materials mentioned in the claims ; that the amount due to Hoff, Fontaine & Abbott for the work and materials mentioned in their claim was $824.87; the amount due Capehart for the work mentioned in his claim was $378.90.

The Auditor reported, as matter of law, that upon the death of Alfred Vezin his debts not of record became liens on his real estate, or on the proceeds thereof sold in execution after his death, under the Act of February 24th 1834, § 33 (Pamph. L. p. 79) ; and that the filing of the mechanics' claims after his death did not operate to give the claimants priority over the general creditors of the decedent.

The Auditor, therefore awarded the fund for distribution to Thomas W. South, Administrator, etc., of Alfred Vezin, to be accounted for and distributed in the Orphans' Court.

The claimants in the mechanics' liens filed exceptions to the report, which were dismissed by the court and the report confirmed. The exceptants took this appeal, assigning for error the decree dismissing their exceptions and confirming the report.

*Joseph C. Ferguson,* for the appellants.

*Robert H. Hinckley (Shoemaker* and *Staake* with him), for the appellee.

The opinion of the court was delivered February 5th 1884.

Per Curiam.—In this distribution the appellant claims under an alleged mechanics' lien for repairs, alterations and additions to the buildings sold at sheriff's sale. The Act of August 1st 1868, Pur. Dig. 1028, pl. 21, applicable to such claims in the city of Philadelphia, expressly declares they shall not be a lien " except from the time of filing the claim." The appellants' claim was not filed in the lifetime of the owner of the building. When he died it was not of record, and no lien by virtue of the Act cited. By his death it became a lien like other debts of his, not of record. It was then of no higher grade. It had no preference over any other of his debts. The filing of the claim afterwards gave no preference. The claim which under the Act of 1861 was no lien until filed, could not create a lien which would relate back of the filing whether the owner of the building was living or dead, when it was filed.

Decree affirmed and appeal dismissed at the costs of the appellants.