ROBERT THOMAS v. REX HINKLE ET AL.

ERROR TO THE COURT OF COMMON PLEAS NO. 3 OF PHILA-DELPHIA COUNTY.

Argued March 29, 1889—Decided May 20, 1889.
[To be reported.]

1. The act of August 1, 1868, P. L. 1168, relative to mechanics' liens in Philadelphia, is amendatory, in respect of such claims in that city, of the general act of June 16, 1836, P. L. 696, and creates two kinds or classes thereof, differing materially in their extent and qualities.

2. Wherefore, a claim filed for a mechanics' lien for labor etc. furnished in the erection of an addition to an existing building in said city, is governed by the provisions of the act of August 1, 1868, and if filed after the property is conveyed to a purchaser, no lien is acquired thereby.

3. The fact that the general act of 1836 has been held to include claims for new additions to existing buildings: Lightfoot v. Krug, 35 Pa. 348 ; Pretz's App., 35 Pa. 349 ; Harman v. Cummings, 43 Pa. 322 ; Parrish's App., 83 Pa. 111 ; Long v. McLanahan, 103 Pa. 537, does not interfere with the conclusion that as to the city of Philadelphia, all repairs, alterations and additions are by the act of 1868 placed upon the same footing.*

Before Paxson, C. J., Sterrett, Clark, McCollum and Mitchell, JJ.

No. 125 January Term 1889, Sup. Ct. ; court below, No. 765 September Term 1883, C. P. No. 3.

On April 18, 1884, a scire facias sur mechanics' lien issued at the suit of " Robert Thomas, trading as Robert Thomas & Son, against Rex Hinkle, owner and contractor." The writ was returned, nihil habet, as to Rex Hinkle, but made known as to Anna M. Baker. A rule to plead having issued, Rachel Shields appeared and pleaded as terre-tenant.

————————————————

*See Morrison v. Henderson. ante, p. 216.

At a second trial of the cause on October 17, 1888, the plaintiff put in evidence a claim for mechanics' lien, filed November 21, 1883, which was as follows:

" Robert Thomas, trading as Robert Thomas & Son, of the city of Philadelphia, hereby files his claim for the payment of the sum of eight hundred and thirty-six dollars and one cent against all that certain two-story building or wing, being a new structure or building, two stories in height, rough-cast on the outside, attached to and adjoining a three-story stone dwelling and lot or piece of ground and curtilage appurtenant thereto, situate on the northwest corner of Germantown avenue and Mount Pleasant street, in the twenty-second ward of the city of Philadelphia, containing . . . . . the said sum of eight hundred and thirty-six dollars and one cent being a debt contracted for lumber and materials, at the request of the said Rex Hinkle by the said Robert Thomas, continuously within six months last past, furnished to and supplied for and towards the erection and construction of and on the credit of the said building, at the times and in the quantities in the annexed bill of particulars mentioned, to wit: From the twelfth day of February, 1883, to the twelfth day of July, 1883, which bill said claimant prays may be taken and considered as a part of this lien against said building, of which the said Rex Hinkle was owner or reputed owner, and Rex Hinkle was contractor for the erection of said building, with whom the said contract was made, and the said Robert Thomas claims to have a lien on said building, and the curtilage appurtenant thereto, for the amount of his said claim from the commencement of said building, according to the act of assembly in such case made and provided."

Testimony was then introduced establishing, as claimed by the plaintiff in error in his History of the Case, as follows:

" On the lot facing Germantown avenue was the main building, of stone, three stories in height, which had been erected many years. On the rear of the lot stood an old frame building, two stories high, and adjoining that, still further in the rear, an old shed. These old frame buildings were entirely destroyed and removed, and on a new foundation, one foot longer, and two to four feet wider, was erected a new two-story building, rough cast on the outside, containing a dining-

room and kitchen on the first floor, and eight or nine bedrooms on the second floor. The new building was so constructed that it could be entirely shut off from the main building. The lien was filed against the new building only. The facts were undisputed as to the demolition of the old frame sheds, and the erection and construction, on an entirely new foundation, larger than the old one, of the new two-story building."

It was admitted that on September 24, 1883, Rex Hinkle had conveyed the lot against which the claim was filed to Rachel Shields, the defendant, the deed being duly recorded.

The court, FINLETTER, P. J., instructed the jury to find a verdict for the defendant,[5] and answered the points presented by the plaintiff, as follows:

1. The building against which the lien was filed was erected on a new foundation, two feet longer and three feet wider, than.the old one; two stories in height, and rough cast, and of new materials, and the lien was properly filed and within the intendment of the act of 1836.

Answer: Refused.[1]

2. The evidence shows that an old frame building and one-story shed were removed, and, on a larger and wider foundation, a new two-story rough-cast building was erected, which can be entirely shut off from the main building; and as the plaintiff's lien was filed against the new building only, he has a right to recover thereon.

Answer: Refused.[2]

3. A lien can be filed against a new wing or addition to the main building as a new structure per se, and it is immaterial what was on the ground before, if it has been removed and a new building erected thereon.

Answer: Refused.[3]

4. Under all the evidence in the case, your verdict should be for the plaintiff.

Answer: Refused.[4]

The jury returned a verdict for the defendant as directed. Judgment having been entered, the plaintiff took this writ, assigning as errors:

1–4. The answers to plaintiff's points.[1 to 4]

5. The instruction to find for defendant.[5]

*Mr. Charles C. Lister*, for the plaintiff in error.

Counsel cited: Nelson v. Campbell, 28 Pa. 156; Parrish's App., 83 Pa. 111; Lightfoot v. Krug, 35 Pa. 348; Pretz's App., 35 Pa. 349; Harman v. Cummings, 43 Pa. 322; Long v. McLanahan, 103 Pa. 545; Haslett v. Gillespie, 95 Pa. 375; Hancock's App., 115 Pa. 1.

*Mr. Mayer Sulzberger* (with him *Mr. A. S. L. Shields*), for the defendant in error.

Counsel cited: Act of August 1, 1868, P. L. 1168; Hoff's App., 102 Pa. 218; Miller v. Hershey, 59 Pa. 64; Patterson v. Frazier, 123 Pa. 414. On the interpretation of statutes: Haydon's Case, 3 Co. R. 7; Faust's App., 2 Penny. 199; Dickey's App., 115 Pa. 73; Johnston's Est., 33 Pa. 511; Gwinner v. Railroad Co., 55 Pa. 126; Rhoads v. Building Ass'n, 82 Pa. 187.

OPINION, MR. JUSTICE McCOLLUM:

The claim in this case was filed November 21, 1883, against a two-story building or wing, rough cast on the outside, attached to and adjoining a three-story stone dwelling situate on the northwest corner of Germantown avenue and Mount Pleasant street, in the city of Philadelphia. It is for materials furnished by the plaintiff from February 12, 1883, to July 12, 1883, at the instance of Rex Hinkle, who was then the owner of the premises described in the claim. These premises were, September 24, 1883, sold and conveyed by Hinkle to Rachel Shields, who, when the scire facias was issued upon the claim, and was served on her as terre-tenant, appeared and made defence to it. The learned trial judge instructed the jury to return a verdict for the defendant, but did not place on record his reasons for the instruction.

We do not find in the evidence any dispute as to the amount and value of the materials furnished by the plaintiff, nor any denial that they were used in the construction of the two-story building or wing mentioned in the claim. The plaintiff's contention in the court below and here is defined by the following points which were refused:

1. The building against which the lien was filed was erected on a new foundation, two feet longer and three feet wider than the old one; two stories in height, rough cast, and of new materials, and the lien was properly filed and within the intendment of the act of 1836.

2. The evidence shows that an old frame building and one-story shed were removed, and on a longer and wider foundation, a new two-story rough-cast building was erected, which can be entirely shut off from the main building; and as the plaintiff's lien was filed against the new building only, he has a right to recover thereon.

3. A lien can be filed against a new wing or addition to the main building as a new structure, per se, and it is immaterial what was on the ground before, if it has been removed and a new building erected thereon.

It is apparent from the evidence that the plaintiff's effort was to prove that the materials furnished by him were used in the erection and construction of an addition to a main building, while the defendant sought to show they were employed in the alteration and repair of an old building. There is considerable evidence on this subject, but we think taken as a whole it fairly sustains the claim of the plaintiff that the materials were furnished for and used in the construction of an addition to the main building. This view of the evidence he contends entitles him to a lien under the act of June 16, 1836, and he cites and relies on Nelson v. Campbell, 28 Pa. 156; Lightfoot v. Krug, 35 Pa. 348; Pretz's Appeal, 35 Pa. 349; Harman v. Cummings, 43 Pa. 322; Parrish's Appeal, 83 Pa. 111; Long v. McLanahan, 103 Pa. 537. In Lightfoot v. Krug, the erection of a one-story, twelve by fourteen feet kitchen, as an addition to a two-story brick house, was held to authorize a lien under the act of 1836, which might bind the main building, and the case was said to fall within the rule established by Nelson v. Campbell. Pretz's Appeal is to the same effect. Harman v. Cummings decided that a claim for alterations, repairs, and additions was valid, to the extent of the work done and material furnished in and about the erection and construction of the additions. Parrish's Appeal, and Long v. McLanahan fully recognize and approve the doctrine of these cases. They were all under the act of 1836, and they distinctly decide that a new wing or addition is an erection within its intendment.

But the act of August 1, 1868, applicable to mechanics' liens in Philadelphia, is amendatory of the act of June 16, 1836, and must be read into and construed as a part of it.   As amended and applicable to the city of Philadelphia, the act of 1836 creates two kinds or classes of mechanics' liens.   The first class embraces debts contracted for work done or materials furnished for or about the erection or construction of a building; the second, debts contracted for work done or materials furnished for or about the repair, alteration of, or addition to the same. The liens thus given differ materially in their extent and qualities.   Those in the first class relate to the commencement of the building, and are without limitation as to amount; those in the second class date from the filing of the claim, and are not allowed for debts less than fifty dollars.   The claims in both classes must be filed within six months after the work shall have been finished or materials furnished, but the liens are again distinguished by preserving those in the first class, if filed within the six months, and denying to debts in the second class any lien, if the property is conveyed to a purchaser before a claim is filed.

It cannot be doubted that the amendment places all repairs, alterations and additions upon the same footing, and we think the case presented by the plaintiff is within it.   The fact that the original act was deemed broad enough to include new additions does not interfere with this conclusion.   " Where there are in an act specific provisions relating to a particular subject, they must govern in respect of that subject, as against general provisions in other parts of the statute, although the latter standing alone would be broad enough to include the subject to which the particular provisions relate.   Hence if there are two acts, of which one is special and particular, and clearly includes the matter in controversy, whilst the other is general, and would, if standing alone, include it also, and if, reading the general provision side by side with the particular one, the inclusion of that matter in the former would produce a conflict between it and the special provision, it must be taken that the latter was designed as an exception to the general provision:" Endlich on the Interpretation of Statutes, § 216; Felt v. Felt, 19 Wis. 193; State v. Goetze, 22 Wis. 363; Crane v. Reeder, 22 Mich. 322.   " Where a general intention is expressed, and

the act also expresses a particular intention incompatible with the general intention, the particular intention is to be considered in the nature of an exception: " Dwarris on Statutes, 658.

We conclude that the right to a lien for the materials furnished in this case, was under and governed by the provisions of the act of August 1, 1868, and that as the claim was not filed, until after the property was conveyed to a purchaser, no lien was acquired: Hoff's Appeal, 102 Pa. 218.

The judgment is affirmed.