## Kolb, Appellant, v. Reformed Episcopal Church of the Reconciliation.

*Mechanic's lien—Additional alteration—Acts of June 16, 1836, P. L. 695, and May 18, 1887, P. L. 118—Church building.*

The Act of May 18, 1887, P. L. 118, does not limit the right of lien, but its provisions apply throughout the commonwealth to all cases of liens for additions, alterations and repairs to existing buildings where the result of the operation is but one structure, unless the changes in the old building are such that it may fairly be said to be a new building.

Where a church building is extended for Sunday School purposes, and the new work and the old are structurally so connected as to produce an edifice which in external appearance and in interior arrangement is one structure, the extension is a mere addition to an existing building, and no lien can be filed against the extension if the provisions of the Act of May 18, 1887, P. L. 118, as to notice have not been complied with.

*Statutes—Mechanic's lien—Act of June 16, 1836, P. L. 695 and May 18, 1887, P. L. 118.*

Where there are in an act specific provisions relating to a particular subject, they must govern in respect of that subject, as against general provisions in other parts of the statute, although the latter standing alone would be broad enough to include the subject to which the particular provisions relate.

Argued Oct. 16, 1901. Appeal, No. 83, Oct. T., 1901, by plaintiff, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1899, No. 3, M. L. D., on verdict for defendants in case of John Kolb v. The Reformed Episcopal Church of the Reconciliation of Philadelphia, Owner or Reputed Owner, Thomas Rice and Joseph K. Church, Copartners, trading as Thomas

478    KOLB, Appellant, *v.* REF. EPISCOPAL CHURCH.

Statement of Facts—Opinion of the Court.   [18 Pa. Superior Ct.

Rice & Company, Contractors.    Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

Scire facias sur mechanic's lien.
The facts appear by the opinion of the Superior Court.
The court gave binding instructions for defendant.

*Error assigned* was above instructions.

*Frank P. Prichard*, with him *Thomas S. Gates*, for appellant.—The extension was a new building : Nelson v. Campbell, 28 Pa. 156 ; Pretz' s App., 35 Pa. 349 ; Harman v. Cummings, 43 Pa. 322 ; Hazard's App., 83 Pa. 111; Groezinger v. Ostheim, 135 Pa. 604 ; Wheeler v. Pierce, 167 Pa. 416.

*William E. Rex*, for appellee, cited : Wharton v. Real Estate Investment Co., 180 Pa. 168 ; Law v. Levine, 13 Pa. Superior Ct. 152.

OPINION BY W. D. PORTER, J., December 16, 1901 :

There was no question of fact in dispute in this case, and whether the building against which the plaintiff had filed his lien was an addition to an existing building, within the meaning of the Act of May 18, 1887, P. L. 118, and subject to the provisions of that act, or an independent structure subject to the provisions of the Act of June 16, 1836, P. L. 695, was a question of law for the court. The church edifice of the defendant congregation was situated at the southeast corner of Tasker and Thirteenth streets in the city of Philadelphia. The building now in question consisted of an extension to the eastward, which was designed and suitable for Sunday school purposes in connection with the church. The front wall on Tasker street was connected with the wall of the main church edifice so that they formed one continuous wall, the materials and architectural design of the exterior were in all respects similar to those of the main church edifice, and the two buildings were covered by a continuous roof. What had been the rear wall of the church was used as the fourth wall of the new room. In the interior a large section of the wall between the

auditorium of the church and the Sunday school was removed and an opening twenty-eight feet wide by sixteen feet high was thus made between the two rooms, which could be closed by sliding doors, or left entirely open as might be desired.   Through this opening the platform of the pulpit extends into each of the rooms, thus making both available for a common auditorium.   A doorway was cut through the basement wall affording connection between the structures upon that floor.   A doorway leads from the gallery of the Sunday school room into that of the church.   A new steam heating apparatus was placed in the basement of the church edifice which affords the only means of heating both the old and new parts of the structure. The lighting system of the Sunday school room is dependent upon that of the church, as is also the water supply.   In the old part of the structure no changes were made save those above indicated.   It is not pretended that the main church edifice was so changed by these alterations that it could be said to have been incorporated into a new structure, new in the main mass, and the plaintiff did not attempt to embrace that part of the building within his lien.   The lien was filed against the Sunday school room as a distinct structure.   The learned judge of the court below held that the structure in question was an addition to or an alteration of an old building, and the provisions of the act of 1887 not having been complied with, instructed the jury that their verdict must be for the defendant.

The result of this operation was to enlarge the old building, and the new work and the old were structurally so connected as to produce an edifice which was a unit.   In external appearance the completed edifice was one structure, and in interior arrangement the Sunday school room was but an annex to the auditorium of the church.   The new extension was subservient to the old building into which it was structurally incorporated. That this was the design of the character of the completed work and the only purpose for which it could be made available was made clear by the contract under which the work was done.   This was an addition to an existing building, of which it became an integral part.   When an addition to an old building is of this character the provisions of the act of 1887 must be complied with in order to sustain a mechanic's lien : Best v. Baumgardner, 122 Pa. 17.   It is contended upon behalf of the

appellant, however, that the act of 1887 applies only to those cases of additions which did not fall within the provisions of the act of 1836, and to sustain the position that this case falls within the provisions of the act of 1836: Nelson v. Campbell, 28 Pa. 156; Lightfoot v. Krug, 35 Pa. 348; Pretz and Gausler's Appeal, 35 Pa. 349; Harman v. Cummings, 43 Pa. 322, and kindred cases are cited. The contention of the appellant that the act of 1887 has no application to such additions as we are to consider in this case, is thought to be sustained by the case of Wheeler v. Pierce, 167 Pa. 416, but in order to ascertain what was decided in that case we must consider the facts there involved. Mr. Justice GREEN, who there spoke for the court, thus states the facts with which he was dealing: " The battery of boilers in question is completely within a structure which is an independent erection, standing on its own stone foundations, and built of brick, in size thirteen and two tenths feet by sixteen and nine tenths feet, and twenty feet high. While the exterior structure is an essential part of the boiler plant itself, forming the sides of the fire chambers, enclosing and sustaining the boilers in position, and sustaining also the steam drums at the top, over the boilers, yet it is a substantial and costly structure performing the function of a building as to the boilers as well as constituting a part of the boiler plant While its water and steam connections are made with the same pipes with which the water and steam pipes of the old boilers are connected, these connections are independent of the old plant and can be used without them. It is true there is no building erected around and over the boiler plant to protect it from the weather." It thus appears that the structure with which the Supreme Court there dealt was an independent one, standing detached from any other building, and it was held that the structure was of a substantial and permanent character, which might in a reasonable sense be known as a building, and that it might be incumbered by lien. It is very clear that that case could not upon any reasonable grounds be held to be affected by the act of 1887, for the structure was not an addition to any existing building, although the design of the building was such as to indicate that its purpose was to contribute to produce results to which other buildings, with which the one in question had no structural connection, also contributed. The

fact that the independent structure was intended to produce power which was to be used in other buildings did not determine the question as to whether it was subject to lien, but that fact might be very material in determining what curtilage should pass in case of a sale under the lien: Parrish and Hazard's Appeal, 83 Pa. 111.  Where materials are furnished to a building which is designed to be used in connection with older buildings upon a large tract of land for the purpose of producing results to which all the buildings contribute, the proper practice is to file the lien against the particular building only to which the materials were applied and the curtilage appurtenant thereto.  What the curtilage is, cannot be determined upon a trial of the scire facias upon the lien: Girard Point Storage Co. v. Southwark Foundry Co., 105 Pa. 248.  There is a manifest distinction between the erection of an independent structure which, because it and other buildings are intended to be used for a common purpose, may be said to be an addition to a pre-existing manufacturing plant, and the mere enlargement of a building which after the work is completed still constitutes but a single structure.  The act of 1887 is amendatory of the act of 1836, and the two must be read together.  " Where there are in an act specific provisions relating to a particular subject, they must govern in respect of that subject, as against general provisions in other parts of the statute, although the latter standing alone would be broad enough to include the subject to which the particular provisions relate : " Endlich on the Interpretation of Statutes, section 216.  It was upon this principle that it was held in Thomas v. Hinkle, 126 Pa. 478, that an addition to an existing building was subject to the provisions of a special act for the city of Philadelphia, although the structure was of such a character as to fall within the provisions of the act of 1836.  The learned counsel representing the appellant has argued with much force that the case last cited has no application in the present controversy for the reason that the legislation there considered was special, but we are of opinion that the principle of interpretation has equal application to the conflicting provisions of a general law.  The act of 1887 did not limit the right of lien, but its provisions apply throughout the commonwealth to all cases of liens for additions, alterations and repairs to existing buildings where the result of the operation

is but one structure, unless the changes in the old building are such that it may fairly be said to be a new building. This is certainly the meaning of the decisions in Groezinger v. Ostheim, 135 Pa. 604, and Morrison v. Henderson, 126 Pa. 216. Mr. Justice MITCHELL, who spoke for the Supreme Court in Wharton v. Real Estate Investment Co., 180 Pa. 168, makes it very clear that this is the effect to be given to the act of 1887; he says, in commenting upon Thomas v. Hinkle: " It was held that although the building was described as new, and might possibly be so treated under the act of 1836, yet as it was clearly an addition within the terms of the act of 1868, a direction to the jury to find for the defendant was proper. The same result was reached under the act of 1887 in Groezinger v. Ostheim." There is no pretense that the provisions of the act of 1887 were in this case complied with and the specifications of error are dismissed.

Judgment affirmed.