## Commonwealth v. Freeman et al.

George M. Mason, for petitioner; A. Grant Walker, for defendants.

ROSSITER, P. J., February 5, 1932.—The plaintiff presents a petition for an order (closely at least inimical to article I, section eight, of the Declaration of Rights) to direct A. A. Freeman and George H. Acker, doing business as Freeman-Acker Company, defendants, to allow such person as may be designated by the Secretary of Revenue of Pennsylvania to inspect the books and papers of said defendants to verify the accuracy of a return made on March 27, 1931, to the Mercantile Appraiser of Erie County, Pennsylvania, and to investigate and ascertain the character and amount or volume of business transacted by said defendants during the year 1930, basing its right to such an order upon a portion of subsection (e) of section 1602 of the Act of April 9, 1929, P. L. 343, 430, which reads as follows:

". . . if any person or corporation shall refuse to permit any person designated by the Auditor General, the State Treasurer, or Secretary of Revenue to inspect books, accounts, documents, or papers, as required by law, the Auditor General, the State Treasurer, or the Secretary of Revenue, as the case may be, may apply by petition, in the name of the Commonwealth, to the court of common pleas having jurisdiction, and the court shall make such order, on reasonable notice to such person or corporation, as shall compel compliance with the law, and the violation of such order shall be a contempt of such court and punishable as such. The remedy herein provided shall be in addition to other remedies and penalties provided by law;" and also that part of section 1601 which reads as follows:

"The Secretary of Revenue and the Auditor General, severally, and any agent appointed by either of them, is hereby authorized to examine the books and papers of any corporation, association, or individual, made taxable for State purposes by any act of Assembly, to verify the accuracy of any return or report made under the provisions of this act or any other act requiring the filing of such return or report."

The defendant files an answer denying the right of the plaintiff to inspect the books and papers, and denying that the above-quoted portions of subsection (e) of section 1602 and section 1601 apply, but avers that subsection (e) of section 1204 of the Act of 1929 is controlling. This subsection reads as follows:

"To investigate and ascertain the character and amount or volume of business transacted by any dealer, vendor, auctioneer, broker, agent, factor, or other person, association, or corporation, required to make a return to or file

an application with the mercantile appraiser of any county, if through fraud, accident or mistake, such dealer, vendor, broker, agent, factor, or other person, shall fail to make a full, complete, and accurate return, or the mercantile appraiser shall have failed to make a full, complete, and accurate report with respect thereto."

This section was amended by the Act of June 1, 1931, P. L. 318, 342, section 1204, by adding after "mistake" the words "neglect or otherwise."

The question here, therefore, is which of these sections applies: viz., are section 1601 and subsection (e) of section 1602, which are general provisions, to be followed, or is subsection (e) of section 1204, as amended, which provides under what conditions this extraordinary and unusual procedure is permitted to be had.

It has been held almost universally that where general terms or expressions in one part of a statute are inconsistent with more specific or particular provisions in another part, the particular provisions will be given effect as clear and more definite expression of the legislative will: 36 Cyc. 1130 (c). And in Endlich on the Interpretation of Statutes, § 216, it is said:

"Where there are in an act specific provisions relating to a particular subject, they must govern in respect of that subject as against general provisions in other parts of the statute, although the latter standing alone would be broad enough to include the subject to which the more particular provisions relate. . . . Where a general intention is expressed and also a particular intention which is incompatible with the general one, the particular intention shall be considered an exception to the general one . . . hence, if there are two acts or two provisions in the same act, of which one is special and particular and clearly includes the matter in controversy, whilst the other is general and would if standing alone include it also; and if reading the general provisions side by side with the particular one, the inclusion of that matter in the former would produce a conflict between it and the special provision . . . it must be taken that the latter was designed as an exception to the general provision."

It is an old and familiar rule that when there is in the same statute a particular enactment and also a general one which, in its most comprehensive sense, would include what is embraced in the former, the particular enactment must be operative and the general enactment must be taken to effect only such cases within its general language as are not within the provisions of the particular enactment. See 26 A. & E. Enc. Law, 618, and a large number of cases there cited.

All statutes which encroach upon the personal or property rights of an individual are strictly construed. See McGlade's Appeal, 99 Pa. 338, 343.

When the statute gives a right or remedy which did not exist at common law and provides a specific method of enforcing it, the mode of procedure provided by the statute is exclusive: 26 A. & E. Enc. Law, 671; Chestnut Hill Turnpike Co. v. Martin, 12 Pa. 361; Huntingdon, etc., Turnpike Co. v. Brown, 2 P. & W. 462; App v. Dreisbach, 2 Rawle 287. As to property, see, also, McGlade's Appeal, 99 Pa. 338, 343.

And our Superior Court, in Kolb v. Reformed Episcopal Church, 18 Pa. Superior Ct. 477, quoting Endlich on the Interpretation of Statutes, § 216, has said: "Where there are in an act specific provisions relating to a particular subject, they must govern in respect of that subject, as against general provisions in other parts of the statute, although the latter standing alone would be broad enough to include the subject to which the particular provisions relate." And this case was cited with approval in Com. v. Brann, 81 Pa.

Superior Ct. 38.. Many other states have followed the same principle of interpretation. See Sanford et al. *v.* King et al., 103 N. W. 28; 19 S. D. 334.

It will be observed that the legislature had no intention of modifying or repealing the subsection (e) of section 1204 of the Act of 1929, for it passed the Act of 1931, which was not only *in pari materia* but expressly an amendment and reënacted that subsection *verbatim .et literatim* except to add the words, "neglect or otherwise."

It, therefore, becomes pertinent to ascertain from a very careful reading of the statute whether there is a specific method of procedure laid down in the statute or whether the general procedure should control, or whether, before an order can issue directing allowance to examine the books and papers of the defendant, there must be fraud, accident, mistake, neglect or something "otherwise" alleged.

That there is a specific method of procedure laid down in the statute cannot be doubted, as it recites in so many words, "if through fraud, accident, mistake, neglect or otherwise" there is a failure to make a complete and accurate return, that then the officer is authorized to investigate the character and amount or volume of business transacted by any dealer required to make a return and then, as we take it, if there is a refusal to permit such investigation the officer may apply by petition in the name of the Commonwealth to the court of common pleas and the court, under these circumstances, is directed to make an order, etc. And this specific method of procedure must govern in respect to this subject as against the general provision in another part of the act which is cited, although the general provision standing alone would be broad enough to include the subject to which this particular provision relates: Kolb *v.* Reformed Episcopal Church, 18 Pa. Superior Ct. 477.

Hence, it follows that, there being no allegations in the petition that there was fraud, accident, mistake, neglect or otherwise, the prayer of the petitioner should be and it is now, February 5, 1932, denied and the petition dismissed, at the costs of the petitioner.

From Otto Herbst, Erie, Pa.