## Sale of Assets of Insolvent Banking Institutions

SAYLOR, Deputy Attorney General, September 22, 1932.—You have asked whether your powers as secretary of banking in possession of closed institutions, with respect to the disposition of personal property consisting principally of stocks and bonds, include the following:

1. The right, without leave of court, and for any price, to sell listed and unlisted securities belonging to the estates of institutions in your possession.

2. The right, without leave of court, to exchange securities in connection with the reorganization or readjustment of the obligations of corporations issuing them.

Section twenty-nine of The Banking Act of June 15, 1923, P. L. 809, prescribes your powers and duties when in possession of the business and property of any corporation or person subject to the jurisdiction of the Department of Banking. Section twenty-nine, as amended by the Act of May 5, 1927, P. L. 762, and by the Act of July 20, 1932, P. L. 7, gives you the powers of a receiver appointed by any court of equity in this Commonwealth, and vests in you, in your official capacity, all the rights, powers and duties of the corporation or person whose business and property you have taken into possession. It gives you title to all the property of such corporation or person, ". . . . including debts due, liens, or securities therefor, and rights of action or redemption, whether or not the property of such corporation or person, including debts due, liens, or securities therefor, and rights of action or redemption, are held in the name of such corporation or person, or in the name of some other corporation or person, but actually the property of the corporation or person of which, or of whom, the secretary has possession."

Section thirty-two of The Banking Act of 1923 prescribes your powers with respect to the sale of real and personal property, including listed and unlisted securities.

Subsection (b) of that section, as amended by the Act of May 28, 1931, P. L. 193, and by the Act of July 20, 1932, P. L. 7, provides as follows:

"The secretary may sell at public sale any or all of the real and personal property of such corporation or person without any order of court. He may, with leave of court, after such notice to creditors by advertising or otherwise as the court may direct, sell either real or personal property at private sale upon such terms and under such conditions as the court, upon petition of the secretary, may direct, and all sales theretofore made may be approved by the court.

"He may, without leave of court, sell either real estate or personal property at private sale, under such terms as to him may appear reasonable and proper, provided that the net consideration realized from such sale shall be not less than the appraised value of the asset so sold, as set up and established in the inventory and appraisement, filed in the court having jurisdiction over the estate of such corporation or person, as required by section thirty-eight of this act as amended. Sales under this section may be either all for cash or partly for cash and partly for evidences of indebtedness approved by the court."

Subsection (d) of section thirty-two, as amended by the Act of May 5, 1927, P. L. 762, and by the Act of July 20, 1932, provides that:

"Listed and unlisted securities may be sold on any of the stock exchanges or otherwise, at such time or times, and in such manner, as may be determined by the secretary to be necessary for the best interests of the estate of said corporation or person."

In these sections, as amended, will be found legislative authority for your disposition of personal property of the character to which your inquiry refers.

Subsection (b) of section thirty-two of The Banking Act of 1923, as amended, permits you to sell, without leave of court, any real estate or personal property at private sale on any terms reasonable and proper, provided the net consideration realized is not less than the official appraised value of the asset sold. This subsection deals generally with sales of real and personal property. In making sales under authority of this subsection, you are obliged to obtain at

least the appraised value thereof. However, subsection (d) of the same section, as amended, applies specifically to the sales of listed and unlisted securities; it does not subject you to the restrictions imposed by subsection (b) with respect to property generally.

In our opinion, the sale of listed and unlisted securities without leave of court is governed exclusively by subsection (d) of section thirty-two. Subsection (b) must be limited in its effect to property other than that expressly mentioned in subsection (d).

This is in accord with the well-settled rule of construction to the effect that specific provisions in an act, relating to a particular subject, must govern in respect of that subject as against general provisions in other parts of the statute, although the latter, standing alone, would be broad enough to embrace the subject to which the particular provisions relate: Thomas *v*. Hinkle et al., 126 Pa. 478, 483 (1889); Kolb *v*. Reformed Episcopal Church of the Reconciliation, 18 Pa. Superior Ct. 477, 481 (1901). See, also, Endlich on the Interpretation of Statutes, Sec. 216. Such a construction removes all inconsistency and permits the two sections to be read together.

Therefore, it is our opinion that you are permitted, under this section, as amended, to dispose of any stocks, bonds or other securities at any time, to any party, for any price, and subject to such terms as in your best judgment will benefit the estate of the corporation or person owning the same.

The answer to the first question answers in part the second. Having the right to sell a bond or share of stock for less than its face or appraised value, clearly you have the right, without leave of court, to protect it as an asset, where necessary or advisable, by exchanging it for other securities of the same or a related issuing company, if the result be no diminution of the value of the security. Where the effect of the exchange is to give to you an obligation subordinated in position to that exchanged or paying interest at a lesser rate, there would result such diminution in value as to constitute the transaction a compromise or a composition with the debtor.

Section thirty-four of The Banking Act of 1923, as amended by the Act of May 5, 1927, P. L. 762, reads as follows:

"The secretary may, with leave of court, compound or compromise any debt, claim, or judgment due to the corporation or person, and discontinue any action or other proceeding pending therefor, if done in good faith and after proper inquiry; and may require all mortgages, conditional contracts, pledges, and liens of or upon any real or personal property of such corporation or person, to be satisfied, canceled, or assigned to him, as he may deem best, or he may sell the property subject thereto."

This section has particular reference to obligations owing by individuals or corporations, including mortgages, pledges, liens, etc., the face value of which it is found impossible to collect in full. It provides for procedure to be taken where in your judgment as secretary of banking it is proper to accept in settlement therefor less than such face amount. In cases of this character leave of court is necessary.

If, in your opinion, the best interests of the estate are served by effecting an exchange of securities for other obligations of the same debtor where the transaction does not entail a loss because of a reduction of the principal debt, the rate of interest, the date of maturity or a concession in the priority of the obligation, you may consent to such exchange without leave of court. However, if the transaction results in any of the foregoing changes, then it becomes a compromise or a composition, and to accomplish such an end you must obtain leave of court.

To summarize, you are advised that as secretary of banking in possession of closed institutions you enjoy the same unrestricted right and power to sell, transfer and deliver listed and unlisted securities as was enjoyed by the person or corporation owning them before you took possession of his or its business and property. You may, without leave of court, and without notice to depositors, creditors and stockholders of the closed institution, so dispose of any and all listed or unlisted securities in your possession belonging to such institution to such parties, at such times, on such terms and for such prices as to you may seem best for the interests of the estate concerned. Where you desire to exchange securities for other obligations you may do so without leave of court only where, as a result of the transaction, you obtain an obligation which is not reduced in amount of principal or rate of interest, of which the maturity date is not postponed and for which no concession in the priority of the lien has been given. In all other cases it is necessary to obtain leave of court to effect such exchange.

From C. P. Addams, Harrisburg, Pa.