## Preferential Treatment of War Veterans

RUTHERFORD, Deputy Attorney General, January 31, 1940.—We have your communication of December 13, 1939, in which you ask to be advised concerning preferential treatment of honorably-discharged soldiers, sailors, marines, and nurses under the Acts of April 12, 1939, P. L. 27, 51 PS §481, and June 27, 1939, P. L. 1198, 51 PS

§491.1, et seq., with particular reference to the provisions of the Unemployment Compensation Law of December 5, 1936, P. L. 2897, as amended, 43 PS §751, et seq.

Statutory preferential treatment of United States war veterans in public employ in the Commonwealth has a rather long history, dating back to the Act of May 19, 1887, P. L. 132, 51 PS §481.

The Act of May 19, 1887, supra, gave preference of appointment and employment to honorably-discharged soldiers, sailors, and marines who fought in the Union cause; the Act of April 12, 1939, supra, added nurses to the aforesaid groups, and enlarged the scope of said act to include any war in which the United States was engaged, as follows:

"Section 1. Be it enacted, &c., That, in every public department and upon all public works of the State of Pennsylvania, *honorably discharged soldiers, sailors, marines and nurses,* who were engaged in the military or naval service of the United States *during any war in which the United States engaged, shall be preferred for appointment and employment;* age, loss of limb, or other physical impairment, which does not in fact incapacitate, shall not be deemed to disqualify them, provided they possess the other requisite qualifications." (Italics supplied.)

Sections 3 and 4 of the Act of June 27, 1939, P. L. 1198, provide, in part, as follows:

"Section 3. Whenever any soldier shall successfully pass a civil service examination for a public position under the Commonwealth, or any political subdivision thereof, and shall thus establish that he possesses the qualifications required by law for appointment to such public position, such soldier's examination shall be marked or graded an additional ten per centum above that credited for the examination, and the total mark or grade thus obtained shall represent the final mark or grade of such soldier and shall determine his standing on any eligible list certified or furnished to the appointing power.

"Section 4. . . .

"Whenever any soldier possesses the requisite qualifications and his name appears on any eligible list certified or furnished, as the result of any civil service examination, the appointing power, *in making an appointment to a public position, shall give preference to such soldier notwithstanding that his name does not stand highest on the eligible list.*

"In making an appointment to public office where a civil service examination is required, the appointing power may give preference to any soldier who has passed the required examination for such position and possesses the requisite qualifications, although his name does not appear on the list of eligibles certified or furnished to the appointing power." (Italics supplied.)

The Unemployment Compensation Law, supra, as amended by the Act of May 18, 1937, P. L. 658, sets up a system of civil service, and in section 208 (*f*) provides for additional rating for military service as follows:

"Provided, however, That in the final rating of all applicants persons who were engaged in the military or naval service of the United States during any war in which the United States was engaged, and who have an honorable discharge from such service, shall receive, in addition to all other ratings, an additional five per centum, and any such person who shall have been disabled by wounds or in any other manner while engaged in such service (so long as he is able to perform the work of the employment for which he is examined), and who shall submit satisfactory evidence to the board that such disability was received while engaged in such service, shall be rated an additional five per centum over and above the five per centum hereinbefore set forth, and in either case, the total per centum mark or grade thus obtained shall determine the order of standing of such persons on any list of eligibles."

The Unemployment Compensation Law, in section 208, subsec. (*e*), provides that the secretary shall prescribe by

rules and regulations the qualifications to be possessed by persons desiring employment in the various grades of employment in the administration of this act. Under the Act of June 27, 1939, supra, it is necessary that applicants shall possess requisite qualifications before they can be preferred in appointment, though they can be preferred even if they have not attained a higher rating among the list of eligibles who have taken the civil service examination and may even be appointed though their names do not appear on the list of eligibles.

Since the Act of April 12, 1939, P. L. 27, becoming effective September 1, 1939, and the Act of June 12, 1939, P. L. 1198, becoming effective January 1, 1940, were both enacted during the same session of the legislature, the question arises as to which act governs. It should be noted that section 5 of the Act of June 27, 1939, P. L. 1198, expressly declares:

"This act shall be construed as being the *exclusive law* applying to the Commonwealth and its political subdivisions in giving preference to soldiers in *appointment* to public position." (Italics supplied.)

Since the Act of June 27, 1939, supra, is comprehensive, includes the substance of the Act of April 12, 1939, supra, and expressly states that it is "the exclusive law", even though the two acts are in pari materia, since the later act is obviously intended as a substitute for the earlier act, the earlier Act of May 19, 1887, as amended by the Act of April 12, 1939, supra, was repealed by the later Act of June 27, 1939. It should be noted, however, that the earlier Act of April 12, 1939, would govern between September 1, 1939, and January 1, 1940, but that the later Act of June 27, 1939, would govern after January 1, 1940.

The earlier Act of April 12, 1939, P. L. 27, which is controlling between September 1, 1939, and January 1, 1940, has no application to our civil service systems. The Unemployment Compensation Law sets up a complete civil service system in section 208. The Act of May 19,

1887, as amended, applies to appointments in the State service generally, and does not apply to the State departments which are subject to civil service.

The Civil Service Acts are complete in themselves. The Act of May 19, 1887, supra, as above stated, only applies to appointments made in departments not subject to civil service. A particular statute which relates to a portion of the subject covered generally by a general law is usually considered an exception to the general law: See the case of Thomas v. Hinkle et al., 126 Pa. 478, 483 (1889), where the court said:

"Hence if there are two acts, of which one is special and particular, and clearly includes the matter in controversy, *whilst the other is general,* and would, if standing alone, include it also, and if, reading the general provision side by side with the particular one, the inclusion of that matter in the former would produce a conflict between *it and the special provision,* it must be taken that the latter was designed as an exception to the general provision". (Italics supplied.)

The later Act of June 27, 1939, does *expressly* apply to the civil service system as well as to the remaining State service, but gives a veteran preference only in the matter of appointments.

There is nothing contained in the Act of June 27, 1939, supra, which in any way affects the provisions of the Unemployment Compensation Law so far as respects the power of the Secretary of Labor and Industry in dismissing employes for cause, even though they were honorably-discharged soldiers, sailors, marines, and nurses as provided by the Act of June 27, 1939, supra.

Section 208, subsec. (*o*) of the Unemployment Compensation Law, supra, provides that the secretary may suspend or dismiss an employe of the department engaged in the administration of this act for delinquency or misconduct in his or her duties under this act. This paragraph applies to any and all employes irrespective of any preference.

The subsection also provides that the secretary may, by reason of lack of funds or curtailment of work, furlough any employes of the department engaged in the administration of the Unemployment Compensation Law.

Though under the earlier Act of May 19, 1887, as amended April 12, 1939, supra, preference was given of "appointment or employment" to "honorably discharged soldiers, sailors, marines and nurses," the later Act of June 27, 1939, supra, though it extends veteran preference to civil service employes as well as those employed in other public positions, limits such preference to *appointment* only. Since these veteran preference statutes should be strictly construed (See 10 Am. Jur.—Civil Service—page 929) preference can only be given to veterans in the matter of appointment, as stated in the act, and cannot be extended to furlough which is a form of dismissal rather than appointment.

In view of the foregoing, we are of opinion, and you are, therefore, advised that, though the Act of May 19, 1887, P. L. 132, as amended April 12, 1939, P. L. 27, exclusive of the civil service systems, gives preference for both *appointment and employment* to honorably-discharged soldiers, sailors, marines, and nurses who rendered service in any war in which the United States has been engaged, the Act of June 27, 1939, P. L. 1198, gives preference only for appointments, but extends such preference to the civil service systems as well as the rest of the State service. Since this preference is limited to appointments and such statutes are strictly construed, they do not include furloughs. If furloughs are made, veterans are not retained in preference to other employes; in other words, honorably-discharged veterans, having requisite ratings and qualifications, are now preferred for appointment but are not preferred in case furloughs are made, furloughs being a form of dismissal and not appointment.