## Commonwealth v. Kane

*J. Francis Yake*, for plaintiff.
*Swope, Brown & Swope*, for defendant.

SHEELY, P. J., June 1, 1940.—The sole question raised by defendant's motion for new trial and in arrest of judgment is whether the operator of a vehicle involved in an accident resulting in damage to unattended property is guilty of a misdemeanor under section 1025 (*a*) of The Vehicle Code of May 1, 1929, P. L. 905, as amended by

the Act of June 29, 1937, P. L. 2329, or of a summary offense under section 1025 ($d$) of the code, if he fails to stop at the scene of the accident. Defendant admits that he was the operator of a vehicle which struck and damaged a parked and unattended automobile, and that he did not stop his vehicle at the scene of the accident.

Section 1025 ($a$) of The Vehicle Code, supra, provides: "The driver of any vehicle involved in an accident, resulting in injury or death to any person or damage to property, shall immediately stop such vehicle at the scene of such accident." Subsection ($d$), added by the amendment of 1937, supra, provides:

"The driver of any vehicle, street car, or trackless trolley omnibus, which is involved in an accident with any vehicle or property which is unattended, shall immediately stop, and shall then and there either locate and notify the operator or owner of such unattended vehicle . . . of the name and address of the driver and owner of the vehicle involved in such accident . . . or shall leave in a conspicuous place . . . a written notice, giving the name and address of the driver . . .".

Violation of subsection ($a$) is a misdemeanor, while violation of subsection ($d$) is a summary offense. The use of the words "shall immediately stop" in both sections creates an apparent conflict, and it is contended by defendant that he can be prosecuted only under the latter subsection.

Prior to the amendment of 1937 the driver of a vehicle who failed to stop immediately after being involved in an accident resulting in damage to property was guilty of a misdemeanor under section 1025 ($a$) of The Vehicle Code, whether the property was attended or unattended. This was also true under the prior Act of June 30, 1919, P. L. 678, sec. 23, and under The Vehicle Code of May 11, 1927, P. L. 886, sec. 1029. The amendment of 1937, adding, inter alia, subsection ($d$) to section 1025, was undoubtedly intended primarily to provide for the situation where the driver did stop after the accident but was un-

able to comply with the provisions of subsection (*b*) by giving his name, etc., to the owner or custodian of the property involved because the property was unattended. Instead of confining the amendment to a provision stating what should be done under such circumstances, however, the legislature also included the words "shall immediately stop", so that section 1025 now contains subsection (*a*) applying generally to all drivers of vehicles involved in accidents resulting in damage to property, and subsection (*d*) applying specially to drivers of vehicles involved in an accident with property which is unattended. Under such circumstances the general rule of construction to be applied is that the special provision is to be considered as an exception to the general: section 63 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §563; Kolb v. Reformed Episcopal Church, etc., 18 Pa. Superior Ct. 477 (1901). The result is that if a driver of a vehicle fails to stop after an accident resulting in injury or death to a person or damage to attended property, he is guilty of a misdemeanor under subsection (*a*), but if he fails to stop after an accident with unattended property he is guilty of a summary offense under subsection (*d*). This is the only construction which gives effect to all the provisions of subsection (*d*): section 51 of the Statutory Construction Act, supra.

This conclusion becomes more apparent when the amendments to section 1025 relating to the operator or driver of a street car or a trackless trolley omnibus are considered. Prior to the amendments of 1937 no duties were imposed upon such operators by this section. Subsection (*d*), above quoted, imposed the same duties upon such operators as upon drivers of vehicles involved in accidents with unattended property. Subsection (*e*) required such operators to give their names, etc., to any person struck or to the driver or occupants of the vehicle involved, or the owner or custodian of any property involved, etc.

The only specific provision requiring such operators to stop is that contained in subsection (d) applying only in cases of accidents with unattended property. Obviously, however, such operators could not comply with subsection (e), relating to accidents in which persons were injured or attended property damaged, unless they did stop. Violation of subsection (e) is made a misdemeanor, while violation of subsection (d) is a summary offense. The result, as to operators of street cars or trackless trolley omnibuses, therefore, is that if they fail to stop after being involved in an accident with unattended property they are guilty of a summary offense under subsection (d), but if they fail to stop after an accident resulting in injury or death to any person or damage to attended property, they are guilty of a misdemeanor under subsection (e). Thus, the provisions applying to operators of street cars and trackless trolley omnibuses under subsections (d) and (e) are the same as those applying to drivers of vehicles under subsections (a) and (d) as herein contained.

We reach this conclusion reluctantly for two reasons: First, the penalty provided for a summary offense is a fine of $25 while the penalty for a misdemeanor under this section is a fine of not more than $200 or imprisonment for not more than three years, or both. We cannot see how the fact of the property damaged being attended or unattended has any bearing whatever upon the offense, the gist of which is the failure to stop. Ordinarily, the "hit-and-run" driver neither knows nor cares whether the property damaged is attended or unattended; his sole thought is to get away and hide his identity. If he is successful he pays no penalty; if unsuccessful and the property happened to be unattended he pays a fine of $25, but if it happened to be attended he pays the higher fine and possibly suffers imprisonment. Second, the time within which an information can be brought for violation of a summary provision of The Vehicle Code is 15 days after the commission of the offense: section 1201. The

time within which an information can be brought for a misdemeanor is the customary two-year period. Therefore, regardless of the intention of the driver, if he can successfully avoid detection for 15 days he cannot be prosecuted at all if the property damaged is unattended; but if it is attended the two-year period applies. It is needless to say that the person who fails to stop after damaging unattended property is not as readily apprehended as one who damages attended property.

The questions here discussed, however, are matters for the legislature and not for the court. Having concluded that this defendant could not be prosecuted under subsection (a), we must sustain his motion in arrest of judgment.

And now, June 1, 1940, defendant's motion in arrest of judgment is sustained.