## Lauriello v. Calio

*Ben W. Ingber,* for plaintiff.

*Don F. D'Agui* and *Alexander Schamban,* for defendant.

GLEESON, J., March 2, 1961.—Plaintiff and defendants entered into an agreement some time in June of 1957 whereby plaintiff was to make extensive changes in the interior and some changes to the exterior of defendant's home. Among other things, the interior was to be changed in the following particulars: All partitions on first floor and in bathroom on second floor to be removed along with stairway to second floor and miscellaneous doors and jams; to be replaced with new partitions, stairway and bathroom fixtures; a mahogany planter room divider was to be installed on first floor. The exterior was to be changed in the following particulars: Back shed and rear brick wall of kitchen and all windows and frames to be removed; to be replaced with new windows and an enlarged kitchen newly and completely equipped with new rear wall; new electric wiring to be installed; chimney to be repaired. The price agreed upon for these changes was $4,085.

Some time in August 1957, during the course of the work, plaintiff and defendants agreed on further changes, some of which had already been done and some of which were to be done subsequently and the price agreed upon for these changes was $3,800.

The work was completed on September 22, 1957, and thereafter plaintiff filed a mechanic's lien and that proceeding was discontinued and is not before us. Subsequently plaintiff filed another mechanic's lien on March 11, 1958, on which a sci. fa. was issued and to which an answer was filed by defendants. It is this second mechanic's lien that is before us. It was obviously filed beyond the three-month period provided in the case of alterations and repairs and within the

six-month period required in all other cases: Act of June 4, 1901, P. L. 431, sec. 10, 49 PS §52.

Although there was extensive cross examination of plaintiff, defendants did not present any defense. Accordingly, we find the facts as they were testified to by plaintiff and his witnesses, and if we were going to make a monetary finding in favor of plaintiff, we would make it for a substantial amount of the claim set forth in his lien. However, we do not find for plaintiff, because we are of the opinion that the law does not support his lien.

For plaintiff to recover, he would have to do so on one or both of two grounds. One ground would be that he made "a substantial addition" to the structure: Act of June 4, 1901, P. L. 431, sec. 3, 49 PS §26. The phase of plaintiff's work on the premises that comes closest to meeting the "substantial addition" test is the work in the kitchen and shed. We were provided no photographs, diagrams, plans or drawings by plaintiff or defendant to show precisely what was involved in this work, but, as we gathered it from the testimony, it was as follows: Before plaintiff started his work, there was a kitchen bounded in the rear by the rear brick wall of the premises and then beyond that a shed, with no brick walls, attached to the rear of the premises. Plaintiff removed part of this rear brick wall of the premises and supported the remainder of it with beams and made the kitchen and former shed into one big kitchen. In so doing, it appears that he extended the former rear wall of the shed further out into the yard by 18 inches (this 18-inch extension is not too clearly defined, but we believe that that is the import of the testimony). After the change, the rear wall of the shed was still not a brick wall.

There are some old cases decided before the Act of June 4, 1901, which hold that a kitchen built onto an existing structure is such an addition as to be con-

sidered a new erection and hence would today come within the six-months provision: Nelson v. Campbell, 28 Pa. 156; Lightfoot v. Krug, 35 Pa. 348; Pretz and Gausler's Appeal, 35 Pa. 349.

It appears, however, that in those cases the court was not dealing with an enlargement of an existing kitchen such as we have in the case at bar. This may be a distinction without a difference but the more recent cases do not support the view that a kitchen built onto an existing structure is "such a substantial addition" that it constitutes a new erection or construction. Cases that support a mechanic's lien and those which srike it off all reflect this more recent view. For those supporting the mechanic's lien see Dunbar v. Washington Foundry, 210 Pa. 58; Anastasi v. Brunet, 171 Pa. Superior Ct. 464. For those striking off the mechanic's lien, see: Malone v. Hosfeld, 53 Pa. Superior Ct. 134; Duplex Electric Co. v. Simons, Brittain & English, Inc., 113 Pa. Superior Ct. 163; Standard Mantel & Tile Co. v. Rossell, 80 Pitts. L. J. 83.

Accordingly it is our opinion that the enlargement of the kitchen did not constitute a "substantial addition" to the premises and certainly no change in the exterior windows or chimney did either.

The other ground that we consider is also set forth in section 3, to wit, the ". . . adaptation of an old structure . . . to a new or distinct use, which affects a material change in the interior or exterior. . . ." When such adaptation takes place, it is considered that an erection or construction has taken place. The structure was a dwelling house before plaintiff's work began, and it remained a dwelling house after plaintiff completed his work. While there were, undoubtedly, extensive changes to the interior and some to the exterior they were all made for the purpose of making the structure a more desirable dwelling house. They

were not made for the purpose of adapting the structure to a new or distinct use. Cf. Malone v. Hosfeld and Duplex Electric Co. v. Simons, Brittain & English, Inc., supra.

In our reading of the cases, we frequently find that no clear distinction is made between the "substantial addition" test and "new or distinct use" text. We find a tendency in the decisions to generalize and apply an overall test such as Baldridge, J., applied in the Duplex Electric Company case, supra, at page 167, wherein he quoted Judge Agnew in Miller v. Hershey, 56 Pa. 64, 69, in the following language:

" 'The idea which runs throughout all the cases is newness of structure in the main mass of the building —that entire change of external appearance, which denotes a different building from that which gave place to it, though into the composition of the new structure some of the old parts may have entered. This newness of construction must be in the exterior, the main plan of the building, and not in its interior arrangements.' "

The work done in this case does not meet the overall test, if such is the proper one to apply.

Accordingly, we find for defendants and direct the prothonotary to strike off the mechanic's lien.