## Dunbar *v.* Washington Foundry.

*Mechanic's lien—Act of June 4, 1901, P. L. 431—Auditor's findings of facts.*

A finding by an auditor that a structure constituted " a substantial addition," which should " be treated as a new erection," under sec. 3 of the Act of June 4, 1901, P. L. 431, when such finding is based upon sufficient testimony and confirmed by the court below, will not be reversed by the appellate court in the absence of manifest error.

Argued Oct. 21, 1904.    Appeal, No. 163, Oct. T., 1904, by the McClure Company, from order of C. P. Washington Co., No. 1331, in equity, dismissing exceptions to auditor's report in case of J. V. Dunbar, J. H. Wallace and J. W. Wallace, trading as Dunbar & Wallace Lumber Company v. Washington Foundry and Machine Company.    Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ.    Affirmed.

Exceptions to report of C. L. V. Acheson, Esq., auditor.

Before the auditor a question arose as to whether certain structures or additions built by the Washington Foundry &

Machine Company were " a substantial addition," which should be treated as a new erection under the Act of June 4, 1901, P. L. 431, sec. 3. On this subject the auditor reported as follows :

3. The defendant corporation, at the time of the filing of the bill, was the owner of a tract of land situated in Canton township, containing 2.928 acres, conveyed to the Washington Foundry & Machine Company by the McClure Company, by deed dated April 29, 1903. This property was sold by the receiver by order of court, divested of liens and the confirmation of the sale of the same became absolute on November 19, 1903.

4. Prior to the time when the Washington Foundry & Machine Company acquired title to this tract of land, there was on it a building which had originally been erected as a plant for a steel foundry in which were to be made steel billets used in making tin plate. After the McClure Company had purchased it, they used it principally for a storeroom. The roof of this building was very leaky; a greater portion of the sides of the building had either never been inclosed or if so had been stripped off. At the time the Washington Foundry & Machine Company purchased this lot, the building on it contained an open hearth furnace, some ladles and a truck to carry the ladles. The McClure Company also made some steel billets in this mill. No machinery is necessary to make these steel billets except the furnace. The steel is run into pigs, and it is then removed and machined afterwards.

5. It was the purpose of the Washington Foundry & Machine Company to convert this plant into a steel foundry in which to make steel castings. To do this a great many changes were necessary. An addition about 112 feet long by 20 feet wide was put to the building. This addition was divided by partitions into sections, and these sections were used for the storing of materials essential to the operation of the steel foundry. In the operation of the plant as a steel foundry a traveling crane was a necessity, and the only building on the ground at the time the Washington Foundry & Machine Company purchased it was unstable, and would not have supported a crane of the size necessary to use in this foundry. For this purpose, therefore, several piers, about eighteen in number, were erected inside this foundry. These piers were of brick, built around

the posts, and were twenty-seven inches square and a little over twenty feet high. These piers projected a short distance outside of the building, and showed on the inside as well as the outside. The floor of the building which, prior to its purchase by the Washington Foundry & Machine Company, had been exceedingly uneven in some places to the extent of five feet, was leveled up after its purchase by the Washington Foundry & Machine Company.

There was also put into the building a core oven which was used for the purpose of drying cores, the cores being an essential part in the equipment and operation of a steel foundry. This core oven was seventy-two feet long and eight feet high. There was also put in a " rattler " room in which castings were rounded. Some flasks were also put in and various articles of machinery necessary to the operation of a steel foundry, but not essential in the operation of a foundry used only for the purpose of making steel billets.

6. It was the purpose of the Washington Foundry & Machine Company to make everything in the way of steel castings, and this intention was carried out to a certain extent before the plant went into the hands of the receiver, as cog wheels, hammer dies, plates and different kinds of castings had been molded before that time.

The auditor found as a fact that the new structure was a substantial addition, within the meaning of the act of June 4, 1901, and that the mechanic's lien creditors had therefore a preference.

Exceptions to the auditor's report were dismissed by the court.

*Errors assigned* were in dismissing exceptions to auditor's report.

*Andrew M. Linn*, for appellant.

*Samuel Amspoker*, with him *J. C. Ewing, Hughes & Hughes* and *Isaac W. Baum*, for appellees, were not heard.

PER CURIAM, November 4, 1904 :

The question on which this case turns is one of fact, whether the addition to the Foundry Company's building to enable it

to make steel castings, was a " substantial addition " within the Act of June 4, 1901, P. L. 431, so as to give the lien claimants who furnished material for its construction, a preference in the distribution of the fund.   The auditor's finding to that effect was approved by the court and we have not been convinced that they were in error.

Judgment affirmed.